IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NE OPCO, INC., et al., | : | Case No. 13-_____ (_____) |
| | : | |
| Debtors.[1] | : | Joint Administration Pending |

------------------------------------------------------------ x

## MOTION OF DEBTORS FOR ORDER UNDER 11 U.S.C. §§ 105(a), 506(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 AUTHORIZING PAYMENT OF PREPETITION TAXES AND FEES

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of interim and final orders under Sections 105(a), 506(a), 507(a)(8) and 541 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing payment, in the Debtors' sole discretion, of prepetition taxes and fees the Debtors may owe to various federal, state and local governmental units.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of James Pinto in Support of Chapter 11 Petitions and First Day Motions (the "**Pinto Declaration**"), filed with the Court concurrently herewith.[2]  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596).  The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Pinto Declaration.

requested herein are Sections 105(a), 506(a), 507(a)(8) and 541 of the Bankruptcy Code. Such relief is warranted under Bankruptcy Rule 6003.

**BACKGROUND**

2.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Pinto Declaration.

3.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

**RELIEF REQUESTED**

4.      By this Motion, the Debtors seek entry of an order pursuant to Sections 105(a), 506(a), 507(a)(8) and 541 of the Bankruptcy Code and Bankruptcy Rule 6003, authorizing them to pay, in their sole discretion (subject to the terms and provisions of any cash collateral and/or post-petition financing order entered by the Court), any prepetition tax and fee obligations including, without limitation, sales, use and excise taxes; franchise taxes; any other types of taxes, fees or charges; and any penalty, interest or similar charges (collectively, the "**Taxes and Fees**") the Debtors may owe to various domestic federal, state and local governmental entities (the "**Governmental Units**").  A list of Governmental Units the Debtors may owe Taxes and Fees to is attached hereto as Exhibit A.

5.      For the avoidance of doubt, the requested authorization would be completely discretionary, allowing the Debtors, among other things, to elect to pay Taxes and

RLF1 8716229v.1

Fees as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors, before other Taxes and Fees; would be without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds they deem appropriate; and would extend to the payment of Taxes and Fees relating to tax audits that have been completed, are in progress or arise from prepetition periods.

6.      In addition, the Debtors request that the Court authorize and direct the Debtors' banks to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Taxes and Fees that had not been honored and paid as of the Petition Date, and authorize the Debtors' banks and financial institutions to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid in respect of Taxes and Fees, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

7.      As set forth below, the Taxes and Fees at issue are appropriate for payment to the extent that they are priority or secured claims that are payable in full or, alternatively, under the personal liability theory or the doctrine of necessity. By paying the Taxes and Fees in the ordinary course of business, as and when due, the Debtors will avoid unnecessary disputes with Governmental Units — and expenditures of time and money resulting from such disputes — over myriad issues that are typically raised by such units as they attempt to enforce their rights to collect Taxes and Fees.

## BASIS FOR RELIEF

8.      Prior to the Petition Date, the Debtors incurred obligations to federal, state and local governments. The Debtors are substantially current in the payment of assessed and undisputed Taxes and Fees as of the Petition Date. Further, certain Taxes and Fees attributable to

3

the prepetition period were not yet due. Certain prepetition Taxes and Fees will not be due until the applicable monthly, quarterly, or annual payment dates— in some cases immediately and in others not until next year. The Debtors estimate that their accrued and unpaid liabilities for Taxes and Fees are approximately $375,000.

        9.     The continued payment of the Taxes and Fees on their normal due dates will ultimately preserve the resources of the Debtors' estates, thereby promoting their prospects for a successful Chapter 11 process. If such obligations are not timely paid, the Debtors will be required to expend time and incur attorneys' fees and other costs to resolve a multitude of issues related to such obligations, each turning on the particular terms of each Governmental Unit's applicable laws, including whether (a) the obligations are priority, secured or unsecured in nature, (b) they are proratable or fully prepetition or postpetition and (c) penalties, interest, attorneys' fees and costs can continue to accrue on a postpetition basis, and, if so, whether such penalties, interest, attorneys' fees and costs are priority, secured or unsecured in nature.

        10.     Nonpayment or delayed payment of Taxes and Fees may also subject the Debtors to efforts by certain Governmental Units, whether or not permissible under the Bankruptcy Code, to revoke the Debtors' licenses and other privileges either on a postpetition or postconfirmation basis. Moreover, certain of the Taxes and Fees may be considered to be obligations as to which the Debtors' officers and directors may be held directly or personally liable in the event of nonpayment. In such events, collection efforts by the Governmental Units would provide obvious distractions to the Debtors and their officers and directors in their efforts to bring the Chapter 11 Cases to an expeditious conclusion.

        11.     Certain of the Governmental Units have not been paid or have been sent checks and/or fund transfers for Taxes and Fees that may or may not have been presented or

cleared as of the Petition Date. Similarly, in other cases, Taxes and Fees have accrued or are accruing, or are subject to audit or review, but have not yet become due and payable and, thus, any checks or fund transfers will be issued on a postpetition basis. Accordingly, the Debtors seek entry of an order authorizing and directing their banks and other financial institutions to receive, process, honor and pay all prepetition and postpetition checks and fund transfers issued by the Debtors to the Governmental Units in payment of Taxes and Fees that had not been honored and paid as of the Petition Date, and authorizing the Debtors' banks and financial institutions to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid in respect of Taxes and Fees, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

## APPLICABLE AUTHORITY

12. To the extent that the Taxes and Fees are priority claims pursuant to Section 507(a)(8) of the Bankruptcy Code, or secured claims pursuant to Section 506(a) of the Bankruptcy Code, their payment should be authorized on the basis that they are required to be paid in full in any event as a condition to satisfying the plan confirmation requirements contained in Section 1129 of the Bankruptcy Code or in any event that they would be entitled to payment before any prepetition non-priority unsecured claim.

13. If the Taxes and Fees are deemed priority claims, Section 1129(a)(9)(C) of the Bankruptcy Code requires that they be paid no less favorably than through regular installment payments, over a period not exceeding five years after the Petition Date, of a total value as of the effective date of the plan equal to the allowed amount of each such claim. 11 U.S.C. § 1129(a)(9)(C).

14. If the Taxes and Fees are deemed secured claims that would (but for such

RLF1 8716229v.1

secured status) fall under the rubric of Section 507(a)(8) of the Bankruptcy Code, Section 1129(a)(9)(D) of the Bankruptcy Code requires that they be paid no less favorably than through regular installment payments, over a period not exceeding five years after the Petition Date, of a total value as of the effective date of the plan equal to the allowed amount of each such claim. 11 U.S.C. § 1129(a)(9)(D) (referring back to 11 U.S.C. § 1129(a)(9)(C)). Otherwise, Section 1129(b)(2)(A) of the Bankruptcy Code requires that they be satisfied through deferred cash payments totaling at least the allowed amount of each such claim, of a value as of the effective date of the plan equal to the value of the collateral securing the claim, with a continuation of the liens against the collateral; or if the collateral is to be sold, that the lien securing the claim attach to the proceeds of sale; or that the holder realize the indubitable equivalent of the claim. 11 U.S.C. § 1129(b)(2)(A).

15.    Because of the likelihood that the vast majority of the Taxes and Fees constitute either priority claims under Section 507(a)(8) of the Bankruptcy Code or secured claims under Section 506(a) of the Bankruptcy Code, the Debtors' payment of the Taxes and Fees now, in all likelihood, will affect only the timing of the payments and not the amounts to be received by the Governmental Units. Moreover, by paying legitimate tax claims now, the Debtors will avoid any unnecessary fees, interest or penalties that might otherwise be asserted. Other creditors and parties in interest, therefore, will not be prejudiced if the relief sought herein is granted by this Court.

16.    Alternatively, authorization to pay the Taxes and Fees is appropriate under the "doctrine of necessity," which is grounded in Section 105(a) of the Bankruptcy Code. Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of this

RLF1 8716229v.1

section is to grant bankruptcy courts the authority to take actions necessary to exercise their power under the Bankruptcy Code.

17.    The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization. See In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment and thereafter approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season); see also In re Columbia Gas Sys., Inc., 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (reiterating court's own statement in a prior ruling that "[i]n the Third Circuit the law is clear that to justify payment of one class of pre-petition creditors in advance of a confirmed plan, the debtor must show that payment is essential to the continued operation of the business."); In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (" [T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

18.    Without question, the payment of the Taxes and Fees is necessary here. It is in the best interest of the Debtors' estates that the Taxes and Fees be paid on time so as to avoid administrative difficulties. Delayed payment of the Taxes and Fees may cause Governmental Units to take precipitous action, including a marked increase in state audits, a flurry of lien filings and significant administrative maneuvering at the expense of the Debtors' time and resources.

Prompt and regular payment of the Taxes and Fees will avoid this unnecessary governmental action.

19.     Certain of the Taxes and Fees may constitute so-called "trust fund" taxes, which are required to be collected from third parties and held in trust for payment to the Governmental Units. Such taxes are not considered property of the estates under Section 541(d) of the Bankruptcy Code. Begier v. IRS, 496 U.S. 53, 63-67 (1990) (trust fund taxes are not property of estate); see also Official Comm. Of Unsecured Creditors of the Columbia Gas transmission Corp. v. Columbia Gas. Sys. Inc. (In re Columbia Gas Sys. Inc.), 997 F.2d 1039, 1061-62 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of the debtor's estate); Shank v. Wash. State Dep't of Revenue, Excise Tax Div. (In re Shank), 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is "trust fund" tax); DeChiaro v. N.Y. State Tax Comm'n, 760 F.2d 432, 433-34 (2d Cir. 1985) (sales tax required by state law to be collected by sellers from their customers is "trust fund" tax); In re Al Copeland Enters., Inc., 133 B.R. 837, 841-42 (Bankr. W.D. Tex. 1991) (debtor obligated to pay Texas sales taxes plus interest because such taxes were "trust fund" taxes), aff'd, 991 F.2d 233 (5th Cir. 1993). The Debtors, therefore, arguably have no equitable interest at all in the Taxes and Fees that are trust fund taxes and are obligated to pay over the collected amounts.

20.     Additionally, under the laws of many states, officers and directors may be held directly or personally liable for the nonpayment of certain types of taxes.  It is in the best interest of the Debtors' estates and consistent with the reorganization policy of the Bankruptcy Code to eliminate the possibility that officers and directors will become subject to time consuming and potentially damaging distractions.

21.    The Chapter 11 Cases are uniquely complicated due to the nature of the Debtors' business, and their focus should be on addressing the Debtors' operational and financial issues in a manner that will maximize recoveries. In this context, the payment of the Taxes and Fees is insignificant and will have no meaningful effect on the recoveries of creditors in the Chapter 11 Cases, particularly in view of the priority or secured status of a significant portion of such obligations. Moreover, the payment amount will likely be offset in no small part by the amount of postpetition resources that the Debtors will conserve by obviating the need to spend time and money to address disputes with Governmental Units that are unnecessary and wasteful of the resources of the Debtors and this Court.

22.    The relief requested in this Motion is similar to relief granted by numerous courts, including this court in other chapter 11 cases in this district. See, e.g., In re Geokinetics Inc., Case No. 13-10472 (KJC) (Bankr. D. Del. Apr. 2, 2013); In re Overseas Shipholding Group, Inc., Case No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012); In re Graceway Pharmaceuticals, LLC, Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011); In re Freedom Commc'ns Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. Sept. 2, 2009); In re Sportsman's Warehouse, Inc., Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009); In re Pierre Foods, Inc., Case No. 08-11480 (KG) (Bankr. D. Del. Aug. 13, 2008). The Debtors submit that the present circumstances warrant similar relief in the Chapter 11 Cases.

## WAIVER OF BANKRUPTCY RULES

23.    Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Fed. R. Bankr.P. 6003. Based on the foregoing, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule

RLF1 8716229v.1

6003 to support immediate payment of prepetition obligations related to the Taxes and Fees.

24.    To the extent that any aspect of the relief sought herein constitutes a use of property under Section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  As described above, the relief that the Debtors seek in this Motion is immediately necessary in order for the Debtors to be able to continue to operate their businesses and preserve the value of their estates. The Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE OF MOTION AND INTERIM ORDER

25.    Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' postpetition secured lenders, (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement, (d) counsel to Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement, (e) counsel to International Paper Company, (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Initial Notice Parties**").  The Debtors will serve copies of the Motion and any order entered in respect of the Motion as required by Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").  The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE,** the Debtors respectfully request that the Court enter interim and final orders, substantially in the form annexed hereto as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Date: June 9, 2013
     Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

_____

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Michael J. Merchant (No. 3854)
Paul N. Heath (No. 3704)
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email: collins@rlf.com
      knight@rlf.com
      merchant@rlf.com
      heath@rlf.com

Proposed Counsel for Debtors and Debtors in Possession

## Exhibit A

[See attached]

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Acadia City- Parish Sales and Use Tax Division | Sales and Use Tax | PO Drawer 309 | | | Crowley | LA | 70527-03090 |
| Alabama Department of Revenue, Sales & Use Tax Division | Sales and Use Tax | PO Box 327710 | | | Montgomery | AL | 36132-7710 |
| Allen City - Parish Sales and Use Tax Division | Sales and Use Tax | PO Drawer 190 | | | Oberlin | LA | 70655 |
| Arizona Department of Revenue | Sales and Use Tax | PO Box 29010 | | | Phoenix | AZ | 85038-9010 |
| Arkansas Department of Finance and Administration | Excise Tax | Ledbetter Building 1816 | W 7th Street 1330 | | Little Rock | AR | 72201 |
| Ascension City - Parish Sales and Use Tax Division | Sales and Use Tax | PO Box 1718 | | | Gonzales | LA | 70707 |
| Assumption City - Parish Sales and Use Tax Division | Sales and Use Tax | PO Drawer 920 | | | Napoleonville | LA | 70390 |
| Avoyelles City - Parish Sales and Use Tax Division | Sales and Use Tax | 221 Tunica Drive West | | | Marksville | LA | 71351 |
| Baldwin County, Use & License Tax Department | | PO Box 189 | | | Robertsdale | AL | 36567 |
| Beauregard City - Parish Sales and Use Tax Division | Sales and Use Tax | PO Box 639 | | | Deridder | LA | 70634 |
| Board of Equalization | Sales and Use Tax | PO Box 942879 | | | Sacramento | CA | 94279-7072 |
| Business License and Tax Department | | PO Box 552 | | | Alexander City | AL | 35011-0552 |
| City & County of Broom Field, Sales Tax Administration Division | Sales and Use Tax | PO Box 407 | | | Broomfield | CO | 80038-0407 |
| City and County of Denver, Department of Finance, Treasury Division | Sales and Use Tax | PO Box 660860 | | | Dallas | TX | 75266-0860 |
| City Clerk - Revenue Dept | Sales and Use Tax | 1040 Park Drive | | | Leeds | AL | 35094 |
| City of Adamsville, Department of Revenue | Sales and Use Tax | PO Box 309 | | | Adamsville | AL | 35005 |
| City of Alabaster, Dept. #3005 | | PO Box 11407 | | | Birmingham | AL | 35246-3005 |
| City of Arvada, Tax & Audit Division | Sales and Use Tax | PO Box 8101 | | | Arvada | CO | 80001-8101 |
| City of Auburn, Revenue Office | Sales and Use Tax | 144 Tichenor Avenue | Suite 6 | | Auburn | AL | 36830 |
| City of Aurora, Tax & Licensing Division | Sales and Use Tax | PO Box 33001 | | | Aurora | CO | 80041-3001 |
| City of Birmingham | Sales and Use Tax | PO Box 830638 | | | Birmingham | AL | 35283-0638 |
| City of Boulder, Department of Finance, Sales/Use Tax Division | Sales and Use Tax | PO Box 791 | | | Boulder | CO | 80306-0791 |
| City of Centennial | Sales and Use Tax | PO Box 17383 | | | Denver | CO | 80217-0383 |
| City of Chandler | Sales and Use Tax | Mail Stop 701 | PO Box 15001 | | Chandler | AZ | 85244-5001 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| City of Cherry Hills Village | Sales and Use Tax | 2450 East Quincy Avenue | | | Cherry Hills Village | CO | 80113 |
| City of Colorado Springs, Department 2408 | Sales and Use Tax | 30 South Nevada | Suite 203 | | Denver | CO | 80903 |
| City of Cortez | Sales and Use Tax | 210 East Main | | | Cortez | CO | 81321 |
| City of Daphne | Sales and Use Tax | PO Drawer 1047 | | | Daphne | AL | 36526-1047 |
| City of Decatur Sales Tax, Dept R-6 | Sales and Use Tax | PO Box 830525 | | | Birmingham | AL | 35283-0525 |
| City of Durango | Sales and Use Tax | 949 East Second Avenue | | | Durango | CO | 81301-5109 |
| City of Englewood, Colorado | Sales and Use Tax | PO Box 2900 | | | Englewood | CO | 80150-2900 |
| City of Fort Collins, Department of Finance/ Sales Tax Division | Sales and Use Tax | PO Box 440 | | | Fort Collins | CO | 80522-0439 |
| City of Golden | Sales and Use Tax | PO Box 5885 | | | Denver | CO | 80217-5885 |
| City of Grand Junction Customer Service Division- Sales Tax | Sales and Use Tax | 250 NORTH 5TH ST. | | | Grand Junction | CO | 81501-2668 |
| City of Graysville, Department of Revenue | Sales and Use Tax | PO Box 130 | | | Graysville | AL | 35073 |
| City of Greeley | Sales and Use Tax | 1000 10th Street | | | Greeley | CO | 80631 |
| City of Greenwood Village | Sales and Use Tax | PO Box 4837 | | | Greenwood Village | CO | 80155-4837 |
| City of Gulf Shores, Revenue Division | Sales and Use Tax | PO Box 4089 | | | Gulf Shores | AL | 36547 |
| City of Gunnison | Sales and Use Tax | PO Box 239 | | | Gunnison | CO | 81230 |
| City of Helena | Sales and Use Tax | PO Box 613 | | | Helena | AL | 35080-0613 |
| City of Hoover | Sales and Use Tax | PO Box 11407 | | | Hoover | AL | 35246-0144 |
| City of Hueytown | Sales and Use Tax | PO Box 3650 | | | Hueytown | AL | 35023 |
| City of Huntsville | Sales and Use Tax | PO Box 308 | | | Huntsville | AL | 35804 |
| City of Irondale, Revenue Department | | PO Box 100188 | | | Irondale | AL | 35210 |
| City of La Junta, Sales/Use Tax Department | Sales and Use Tax | Municipal Bldg – | PO Box 489 | | La Junta | CO | 81050-0489 |
| City of Lakewood, Department of Finance | Sales and Use Tax | 480 South Allison Parkway | | | Lakewood | CO | 80226-3127 |
| City of Lamar, Sales/Use Tax Return | Sales and Use Tax | 102 E. PARMENTER ST | | | Lamar | CO | 81052 |
| City of Littleton | Sales and Use Tax | PO Box 910959 | | | Denver | CO | 80291-0959 |
| City of Lone Tree, Revenue & Licensing Clerk | Sales and Use Tax | 9220 Kimmer Drive | Suite 100 | | Lone Tree | CO | 80124 |
| City of Longmont | Sales and Use Tax | 350 Kimbark Street | | | Longmont | CO | 80501 |
| City of Madison | Sales and Use Tax | PO Box 99 | | | Madison | AL | 35758 |
| City of Mesa | Sales and Use Tax | PO Box 16350 | | | Mesa | AZ | 85211-6350 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| City of Mobile, Dept #1519 | Sales and Use Tax | PO Box 11407 | | | Birmingham | AL | 35246-1519 |
| City of Montgomery/Revenue Division | Sales and Use Tax | PO Box 1111 | | | Montgomery | AL | 36101-1111 |
| City of Montrose | Sales and Use Tax | 433 S. First St. | PO Box 790 | | Montrose | CO | 81402 |
| City of Northglenn | Sales and Use Tax | Northglenn City Hall | 11701 Community Center Drive | | Northglenn | CO | 80233 |
| City of Northport | Sales and Use Tax | 3500 McFarland Boulevard | PO Box 569 | | Northport | AL | 35476 |
| City of Pelham | Sales and Use Tax | PO Box 1238 | | | Pelham | AL | 35124 |
| City of Peoria Tax and License Section | Sales and Use Tax | 8401 W. Monroe Street | | | Peoria | AZ | 85345 |
| City of Prattville | Sales and Use Tax | PO Box 680190 | | | Prattville | AL | 36068 |
| City of Prescott, Tax and License Office | Sales and Use Tax | 201 S Cortez St | PO Box 2077 | | Prescott | AZ | 86302-2077 |
| City of Pueblo | Sales and Use Tax | PO Box 1427 | | | Pueblo | CO | 81002 |
| City of Rifle | Sales and Use Tax | PO Box 1908 | | | Rifle | CO | 81650 |
| City of Robertsdale | Sales and Use Tax | PO Box 429 | | | Robertsdale | AL | 36567 |
| City of Scottsdale, Customer Service Division | Sales and Use Tax | PO Box 1600 | | | Scottsdale | AZ | 85252-1949 |
| City of Steamboat Springs | Sales and Use Tax | PO Box 772869 | | | Steamboat Springs | CO | 80477 |
| City of Tempe, Tax & License | Sales and Use Tax | PO Box 29618 | | | Phoenix | AZ | 85038-9618 |
| City of Tucson | Sales and Use Tax | 255 W. Alameda | | | Tucson | AZ | 85701 |
| City of Tuscaloosa, Revenue Department | Sales and Use Tax | PO Box 2089 | | | Tuscaloosa | AL | 35403 |
| City of Westminster | Sales and Use Tax | PO Box 17107 | | | Denver | CO | 80217-7107 |
| City of Wheat Ridge Tax Division | Sales and Use Tax | c/o FirstBank Data Corp. | PO Box 151654 | | Lakewood | CO | 80215-8654 |
| City Treasurer | Sales and Use Tax | PO Box 29690 | | | Phoenix | AZ | 85038-9690 |
| Colorado Department of Revenue | Sales and Use Tax | 1375 Sherman St. | | | Denver | CO | 80261-0013 |
| Comptroller of Public Accounts | Sales and Use Tax | PO Box 149354 | | | Austin | TX | 78714-9354 |
| Connecticut Department of Revenue Services | Sales and Use Tax | PO Box 5030 | | | Hartford | CT | 06102-5030 |
| Cullman County Sales and Use Tax Department | Sales and Use Tax | 402 Arnold Street NE | Suite 103 | PO Box 1206 | Cullman | AL | 35056-1206 |
| DeKalb County Sales Tax Office | Sales and Use Tax | 111 Grand Avenue SW | Suite 112 | | Fort Payne, AL | AL | 35967 |
| Department of Treasury | Federal Income | Internal Revenue Service | 1100 Commerce St., Room 121 | | Dallas | TX | 75242 |
| Department of Revenue - State of Mississippi | Sales and Use Tax | PO Box 1033 | | | Jackson | MS | 39215-1033 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Finance Department - Sales Tax | Sales and Use Tax | 500 So. 4th Avenue | | | Brighton | CO | 80601 |
| Florida Department of Revenue | Sales and Use Tax | 5050 W. Tennessee Street | | | Tallahassee | FL | 32399-0120 |
| Georgia Department of Revenue (Sales and Use Tax) | Sales and Use Tax | PO Box 105408 | | | Atlanta | GA | 30348-5408 |
| Illinois Revenue | Sales and Use Tax | PO Box 19034 | | | Springfield | IL | 62794-9034 |
| Indiana Department of Revenue | Sales and Use Tax | PO Box 7218 | | | Indianapolis | IN | 46207-7218 |
| Iowa Department of Revenue | Sales and Use Tax | PO Box 10412 | | | Des Moines | IA | 50306-0412 |
| Jefferson County Department of Revenue | Sales and Use Tax | PO Box 830710 | | | Birmingham | AL | 35283-0710 |
| Kansas Department of Revenue | Sales and Use Tax | 915 SW Harrison St | | | Topeka | KS | 66612 |
| Kentucky Department of Revenue | Sales and Use Tax | Kentucky Department of Revenue | | | Frankfort | KY | 40602 |
| Louisiana Department of Revenue | Sales and Use Tax | PO Box 3138 | | | Baton Rouge | LA | 70821-3138 |
| Louisiana Association of Tax Administrators - Bossier City Parish | Sales and Use Tax | PO Box 71313 | | | Bossier City | LA | 71171-1313 |
| Louisiana Association of Tax Administrators - Caddo Parish | Sales and Use Tax | PO Box 104 | | | Shreveport | LA | 71161 |
| Louisiana Association of Tax Administrators - Calcasieu Parish | Sales and Use Tax | PO Drawer 2050 | | | Lake Charles | LA | 70602 |
| Louisiana Association of Tax Administrators - Caldwell Parish | Sales and Use Tax | PO Box 280 | | | Vidalia | LA | 71373 |
| Louisiana Association of Tax Administrators - Claiborne Parish | Sales and Use Tax | PO Box 600 | | | Homer | LA | 71040-0600 |
| Louisiana Association of Tax Administrators - DeSoto Parish | Sales and Use Tax | PO Box 927 | | | Mansfield | LA | 71052 |
| Louisiana Association of Tax Administrators - East Baton Rouge Parish | Sales and Use Tax | PO Box 2590 | | | Baton Rouge | LA | 70821-2590 |
| Louisiana Association of Tax Administrators - East Carroll Parish | Sales and Use Tax | PO Box 130 | | | Vidalia | LA | 71373 |
| Louisiana Association of Tax Administrators - East Feliciana Parish | Sales and Use Tax | PO Box 397 | | | Vidalia | LA | 70722 |
| Louisiana Association of Tax Administrators - Franklin Parish | Sales and Use Tax | PO Box 337 | | | Winnsboro | LA | 71295 |
| Louisiana Association of Tax Administrators - Iberia Parish | Sales and Use Tax | PO Box 9770 | | | New Iberia | LA | 70562 |
| Louisiana Association of Tax Administrators - Iberville Parish | Sales and Use Tax | PO Box 355 | | | Plaquemine | LA | 70765-0355 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Louisiana Association of Tax Administrators - Jackson Parish | Sales and Use Tax | PO Box 666 | | | Jonesboro | LA | 71251-0666 |
| Louisiana Association of Tax Administrators - Jefferson Davis Parish | Sales and Use Tax | PO Box 1161 | | | Jennings | LA | 70546-1161 |
| Louisiana Association of Tax Administrators - Jefferson Parish | Sales and Use Tax | 233 Westbank Expressway | 4th Floor | | Harvey | LA | 70058 |
| Louisiana Association of Tax Administrators - Lafayette Parish | Sales and Use Tax | PO Box 3883 | | | Lafayette | LA | 70502 |
| Louisiana Association of Tax Administrators - Lafourche Parish | Sales and Use Tax | PO Box 997 | | | Thibodaux | LA | 70302 |
| Louisiana Association of Tax Administrators - Lincoln Parish | Sales and Use Tax | PO Box 863 | | | Ruston | LA | 71273 |
| Louisiana Association of Tax Administrators - Livingston Parish | Sales and Use Tax | PO Box 1030 | | | Livingston | LA | 70754 |
| Louisiana Association of Tax Administrators - Madison Parish | Sales and Use Tax | PO Box 1830 | | | Tallulah | LA | 71284-1830 |
| Louisiana Association of Tax Administrators - Morehouse Parish | Sales and Use Tax | PO Box 672 | | | Bastrop | LA | 71221-0672 |
| Louisiana Association of Tax Administrators - Natchitoches Parish | Sales and Use Tax | PO Box 639 | | | Natchitoches | LA | 71458-0639 |
| Louisiana Association of Tax Administrators - New Orleans Parish | Sales and Use Tax | City of New Orleans Bureau of Revenue | 1300 Perdido Street | Room 1W15 | New Orleans | LA | 70112 |
| Louisiana Association of Tax Administrators - Ouachita Parish | Sales and Use Tax | PO Box 123 | | | Monroe | LA | 71210-0123 |
| Louisiana Association of Tax Administrators - Plaquemines Parish | Sales and Use Tax | 8056 Highway 23 | Suite 305-A | | Belle Chasse | LA | 70037 |
| Louisiana Association of Tax Administrators - Pointe Coupee Parish | Sales and Use Tax | PO Box 290 | | | New Roads | LA | 70760 |
| Louisiana Association of Tax Administrators - Rapides Parish | Sales and Use Tax | 5606 Coliseum Blvd | | | Alexandria | LA | 71303 |
| Louisiana Association of Tax Administrators - Richland Parish | Sales and Use Tax | PO Box 688 | | | Rayville | LA | 71269 |
| Louisiana Association of Tax Administrators - Sabine Parish | Sales and Use Tax | PO Box 249 | | | Many | LA | 71449-0249 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Louisiana Association of Tax Administrators - St. Bernard Parish | Sales and Use Tax | PO Box 168 | | | Chalmette | LA | 70044 |
| Louisiana Association of Tax Administrators - St. Charles Parish | Sales and Use Tax | 13855 River Road | | | Luling | LA | 70070 |
| Louisiana Association of Tax Administrators - St. James Parish | Sales and Use Tax | PO Box 368 | | | Lutcher | LA | 70071-0368 |
| Louisiana Association of Tax Administrators - St. John the Baptist Parish | Sales and Use Tax | PO Box 2066 | | | LaPlace | LA | 70069-2066 |
| Louisiana Association of Tax Administrators - St. Landry Parish | Sales and Use Tax | PO Box 1210 | | | Opelousas | LA | 70571-1210 |
| Louisiana Association of Tax Administrators - St. Martin Parish | Sales and Use Tax | PO Box 1000 | | | Breaux Bridge | LA | 70517 |
| Louisiana Association of Tax Administrators - St. Mary Parish | Sales and Use Tax | PO Drawer 1279 | | | Morgan City | LA | 70381-1279 |
| Louisiana Association of Tax Administrators - St. Tammany Parish | Sales and Use Tax | PO Box 61041 | | | New Orleans | LA | 70161-1041 |
| Louisiana Association of Tax Administrators - Tangipahoa Parish | Sales and Use Tax | PO Box 159 | | | Amite | LA | 70422 |
| Louisiana Association of Tax Administrators - Terrebonne Parish | Sales and Use Tax | PO Box 670 | | | Houma | LA | 70361-0670 |
| Louisiana Association of Tax Administrators - Vermilion Parish | Sales and Use Tax | PO Box 1508 | | | Abbeville | LA | 70510 |
| Louisiana Association of Tax Administrators - Vernon Parish | Sales and Use Tax | 117 Belview Road | | | Leesville | LA | 71446 |
| Louisiana Association of Tax Administrators - Washington Parish | Sales and Use Tax | PO Box 508 | | | Franklinton | LA | 70438 |
| Louisiana Association of Tax Administrators - Webster Parish | Sales and Use Tax | PO Box 357 | | | Minden | LA | 71058-0357 |
| Louisiana Association of Tax Administrators - West Baton Rouge Parish | Sales and Use Tax | PO Box 86 Port | | | Allen | LA | 70767-0086 |
| Louisiana Association of Tax Administrators - West Carroll Parish | Sales and Use Tax | 314 East Main | | | Oak Grove | LA | 71263-1318 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Louisiana Association of Tax Administrators - West Feliciana Parish | Sales and Use Tax | PO Box 1910 | | | St. Francisville | LA | 70775-1910 |
| Louisiana Association of Tax Administrators - Winn Parish | Sales and Use Tax | PO Box 430 | | | Winnfield | LA | 71483-0430 |
| Madison County | Sales and Use Tax | 100 North Side Square | | | Huntsville | AL | 35801-4820 |
| Maine Revenue Service | Sales and Use Tax | Maine Revenue Services | PO Box 1065 | | Augusta | ME | 04332-1065 |
| Maryland Sales and Use Tax Department | Sales and Use Tax | 110 Carroll Street | | | Annapolis | MD | 21411-0001 |
| Massachusetts Department of Revenue | Sales and Use Tax | Mass. Dept. of Revenue | PO Box 7039 | | Boston | MA | 02204-7039 |
| Michigan Department of Treasury | Sales and Use Tax | Michigan Department of Treasury Customer Contact Division | PO Box 30427 | | Lansing | MI | 48909 |
| Minnesota Department of Revenue | Sales and Use Tax | Minnesota Revenue | PO Box 64622 | | St. Paul | MN | 55164-0622 |
| Missouri Department of Revenue, Taxation Division | Sales and Use Tax | Missouri Department of Revenue Taxation Division | PO Box 840 | | Jefferson City | MO | 65105-0840 |
| Mobile County, Dept # 1524 | Sales and Use Tax | PO Box 11407 | | | Birmingham | AL | 35246-1524 |
| Montgomery County Commission, Tax & Audit Department | Sales and Use Tax | PO Box 4779 | | | Montgomery | AL | 36103-4779 |
| Morgan County Sales Tax Office | Sales and Use Tax | PO Box 1848 | | | Decatur | AL | 35602 |
| Nebraska Department of Revenue | Sales and Use Tax | Nebraska Department of Revenue | PO Box 98923 | | Lincoln | NE | 68509-8923 |
| Nevada Department of Taxation, State of Nevada-Sales/Use | Sales and Use Tax | PO Box 52609 | | | Phoenix | NV | 85072-2609 |
| New Mexico Taxation & Revenue Department | | NM Taxation and Revenue Department | PO Box 25128 | | Santa Fe | NM | 87504-5128 |
| New York State Department of Taxation and Finance | Sales and Use Tax | NYS Sales Tax Processing | PO Box 15168 | | Albany | NY | 12212-5168 |
| North Carolina Department of Revenue | Sales and Use Tax | PO Box 25000 | | | Raleigh | NC | 27640-0700 |
| Office of the City Clerk, Treasurer - Mac Champion | | 3390 Main Street | | | Millbrook | AL | 36054 |
| Ohio Department of Taxation | Sales and Use Tax | PO Box 16560 | | | Columbus | OH | 43216-6560 |
| Oklahoma Tax Commission | Sales and Use Tax | PO BOX 26850 | | | Oklahoma City | OK | 73126-0850 |
| Pennsylvania Department of Revenue | Sales and Use Tax | Pennsylvania Department of Revenue | Dept. 280406 | | Harrisburg | PA | 17128-0406 |
| Rhode Island Division of Taxation | Sales and Use Tax | Division of Taxation | DEPT#300 | PO BOX 9706 | Providence | RI | 02940-9706 |
| Sales & Use Tax Division | Sales and Use Tax | PO Box 1460 | | | Cañon City | CO | 81215-1460 |
| Sales Tax Administration | Sales and Use Tax | PO Box 0845 | | | Loveland | CO | 80539-0845 |

| Taxing Authority Name | Type of Tax | Address 1 | Address 2 | Address 3 | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Sales Tax Division | Sales and Use Tax | PO Box 151660 | | | Lakewood | CO | 80215-8650 |
| Sales Tax Division, Dept. 2324 | Sales and Use Tax | City of Evans, Colorado | 1100 37th Street | | Evans | CO | 80620 |
| Shelby County Business Revenue Office | Sales and Use Tax | PO Box 800 | | | Columbiana | AL | 35051 |
| South Carolina Department of Revenue | Sales and Use Tax | Department of Revenue Sales Tax | PO Box 125 | | Columbia | SC | 29214-0101 |
| St. Clair County Sales Tax Department | Sales and Use Tax | 165 5th Avenue | Suite 102 | | Ashville | AL | 35953-3250 |
| STACS | | PO Box 3989 | | | Muscle Shoals | AL | 35662 |
| State of New Jersey, Department of Treasury, Division of Taxation | Sales and Use Tax | PO Box 999 | | | Trenton | NJ | 08646-0999 |
| State of West Virginia, State Tax Department | Sales and Use Tax | Tax Account Administration Division | PO Box 1826 | | Charleston | WV | 25327-1826 |
| Tax Division | Sales and Use Tax | 7887 E. 60th Ave. | | | Commerce City | CO | 80022 |
| Tennessee Department of Revenue | Sales and Use Tax | Andrew Jackson State Office Building | 500 Deaderick Street | | Nashville | TN | 37242 |
| Town of Trinity | Sales and Use Tax | PO Box 302 | | | Decatur | AL | 35602 |
| Utah State Tax Commission | Sales and Use Tax | 210 N 1950 W | | | Salt Lake City | UT | 84134-0400 |
| Vermont Department of Taxes | Sales and Use Tax | PO Box 547 | | | Montpelier | VT | 05601-0547 |
| Virginia Department of Taxation | Sales and Use Tax | PO Box 26627 | | | Richmond | VA | 23261-6627 |
| Walker County Sales Tax Office | Sales and Use Tax | PO Box 1447 | | | Jasper | AL | 35502 |
| Washington State Department of Revenue | Excise Tax | PO Box 47464 | | | Olympia | WA | 98504-7464 |
| Wisconsin Department of Revenue | Sales and Use Tax | PO Box 930389 | | | Milwaukee | WI | 53293-0389 |

**Exhibit B**

Interim Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
In re:                                             :   Chapter 11
                                                   :
NE OPCO, INC., et al.,¹                            :   Case No. 13-_____ (_____)
                                                   :
               Debtors.                            :   Joint Administration Pending
-------------------------------------------------- x
```

### INTERIM ORDER UNDER 11 U.S.C. §§ 105(a), 506(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 AUTHORIZING PAYMENT OF PREPETITION TAXES AND FEES

Upon the motion (the "**Motion**") of the Debtors for an order, under Sections 105(a), 506(a), 507(a)(8) and 541 of the Bankruptcy Code and Bankruptcy Rule 6003, authorizing the Debtors, in their discretion, to pay any prepetition Taxes and Fees owing to Governmental Units; and the Court having reviewed the Motion and the Pinto Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, in their sole discretion, but subject to the terms and provisions hereof, to pay all Taxes and Fees owing to Governmental Units in the ordinary course of their business, as and when due. Notwithstanding the foregoing, payments on account of Taxes and Fees shall not exceed $300,000 in the aggregate without further order of this Court.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596) . The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

3.       In exercising their discretion, the Debtors may elect to pay Taxes and Fees as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors before other types of Taxes and Fees.

4.       This order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds that they deem appropriate.

5.       The Debtors' banks and financial institutions shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Taxes and Fees that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this order.

6.       Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this order shall create any rights in favor of, or enhance the status of any claim held by, any Governmental Unit.

7.       Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any cash collateral and/or postpetition financing order entered by this Court.

8.       Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this order shall be effective and enforceable immediately upon entry hereof.

9.       The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

10.      The Debtors are hereby authorized to take such actions and to execute such

RLF1 8716229v.1

documents as may be necessary to implement the relief granted by this order.

11.     The Debtors shall serve notice of the Motion (to the extent not already provided) and entry of this order on the Initial Notice Parties and all parties that have filed prior to such service date requests for notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 9013-1(m). The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and served on counsel for the Debtors no later than seven days prior to the final hearing with respect to the Motion (the "**Objection Deadline**"). In the event that no objections to this order are received by the Objection Deadline, the Debtors' counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on , 2013, at __:___ _.m.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this order.


Dated: _____, 2013
        Wilmington, Delaware


        _____
        UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                      :    Chapter 11
                                                            :
NE OPCO, INC., et al.,[1]                                   :    Case No. 13-_____ (_____)
                                                            :
                        Debtors.                            :    Joint Administration Pending

------------------------------------------------------------ x

## FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 506(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 AUTHORIZING PAYMENT OF PREPETITION TAXES AND FEES

Upon the motion (the "**Motion**") of the Debtors for an order, under Sections 105(a), 506(a), 507(a)(8) and 541 of the Bankruptcy Code and Bankruptcy Rule 6003, authorizing the Debtors, in their discretion, to pay any prepetition Taxes and Fees owing to Governmental Units; and the Court having reviewed the Motion and the Pinto Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, in their sole discretion, to pay all Taxes and Fees owing to Governmental Units in the ordinary course of their business, as and when due.

3.      In exercising their discretion, the Debtors may elect to pay Taxes and Fees as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors before other types of Taxes and Fees.

4.      This order is without prejudice to the Debtors' rights to contest the amounts

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

of any Taxes and Fees on any grounds that they deem appropriate amounts of any Taxes and Fees on any grounds that they deem appropriate.

5.      The Debtors' banks and financial institutions shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Taxes and Fees that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this order.

6.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this order shall create any rights in favor of, or enhance the status of any claim held by, any Governmental Unit.

7.      Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any cash collateral and/or postpetition financing order entered by this Court.

8.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this order shall be effective and enforceable immediately upon entry hereof.

9.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this order.

Dated: _____ 2013
            Wilmington, Delaware


_____
UNITED STATES BANKRUPTCY JUDGE