**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------- x

In re:                                                        :    Chapter 11
                                                             :
NE OPCO, INC., et al.,                                       :    Case No. 13-_____ (_____)
                                                             :
            Debtors.[1]                                       :    Joint Administration Pending

----------------------------------------------------------- x

**MOTION OF DEBTORS FOR ORDER UNDER
11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
INVOICES, (II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT
AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "**Debtors**") hereby move (the "**Motion**") for entry of interim and final orders, under Section

366 of Title 11 of the United States Code (the "**Bankruptcy Code**"), (i) prohibiting the Debtors'

utility service providers from altering, refusing or discontinuing service, (ii) approving an

adequate assurance deposit as adequate assurance of postpetition payment to the utilities and (iii)

establishing procedures for resolving any subsequent requests by the utilities for additional

adequate assurance of payment.  In support of the Motion, the Debtors rely upon and incorporate

by reference the Declaration of James Pinto in Support of Chapter 11 Petitions and First Day

Motions, filed with the Court concurrently herewith (the "**Pinto Declaration**").[2]  In further

support of the Motion, the Debtors, by and through their undersigned counsel, respectfully

represent:

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596).  The above-captioned
Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2]       Capitalized terms not otherwise defined herein have the meanings given to them in the Pinto Declaration.

## JURISDICTION

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

2.     On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Pinto Declaration and fully incorporated herein by reference.

3.     The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4.     By this Motion, the Debtors request entry of interim and final orders approving procedures that would provide adequate assurance of payment to their utility service providers (the "**Utility Companies**")[3] under Section 366 of the Bankruptcy Code, while allowing the Debtors to avoid the threat of imminent termination of electricity, water, gas, oil, hazardous

---

[3]     The Utility Companies known and identified by the Debtors to date are listed on Exhibit A hereto.  While the Debtors have used their best efforts to list all of their Utility Companies on Exhibit A, it is possible that certain Utility Companies may have been inadvertently omitted from this list.  Accordingly, the Debtors reserve the right, under the terms and conditions of this Motion and without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and to request that the relief requested herein apply to all such entities as well.  In addition, the Debtors reserve the right to argue that any of the entities now or hereafter listed on Exhibit A is not a "utility" within the meaning of Section 366(a) of the Bankruptcy Code.

RLF1 8613277v.4

waste removal, trash removal, telephone, telecommunications and similar utility products and services (collectively, the "**Utility Services**") from those Utility Companies.[4]  Specifically, the Debtors request entry of interim and final orders (a) approving the Debtors' deposit of $568,987.35 (which is approximately 50% of the estimated monthly cost of the Utility Services, based on historical averages over the prior twelve (12) months) into a newly-created segregated, interest-bearing account, as adequate assurance of postpetition payment to the Utility Companies pursuant to Section 366(b) of the Bankruptcy Code, (b) approving the additional adequate assurance procedures described below as the method for resolving disputes regarding adequate assurance of payment to Utility Companies, and (c) prohibiting the Utility Companies from altering, refusing or discontinuing services to the Debtors except as may be permitted by the proposed procedures.

A.      **The Debtors' Utility Companies**

5.      As of the Petition Date, approximately 44 Utility Companies provide Utility Services to the Debtors at various locations through approximately 112 accounts.  The Utility Companies service the Debtors' offices and facilities in 12 locations.[5]  On average, prior to the Petition Date, the Debtors were billed approximately $1,137,974.71 each month for utility costs.

---

[4]      In addition to payments made to Utility Companies, the Debtors also make payments to certain of their landlords under real property leases on account of certain Utility Services used by the Debtors at the leased properties (the "**Leased Properties**").  The Debtors are not directly billed by the utility companies providing these certain Utility Services at the Leased Properties and, thus, (a) the Debtors do not believe that Section 366 of the Bankruptcy Code is applicable to such payments and (b) for the avoidance of doubt, the term Utility Companies does not include the utility companies providing these certain Utility Services at the Leased Properties.  The Debtors intend to honor their postpetition obligations with respect to the Leased Properties consistent with the requirements of the Bankruptcy Code.

[5]      The 12 locations are (1) Exton, PA (2) Shelbyville, KY; (3) Smyrna, GA (4) Nashville, TN (5) Appleton, WI (6) Ennis, TX (7) Friso, TX (8) Westfield, MA (9) Scottdale, PA (10) Kent, WA (11) City of Industry, CA and (12) Lenexa, KS.

6.      The Utility Services are crucial to the continued operations of the Debtors. If the Utility Companies refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, and the Debtors could be forced to cease operations.

**B.      The Adequate Assurance Deposit**

7.      The Debtors intend to pay all postpetition obligations owed to the Utility Companies in a timely manner.  Nevertheless, to provide additional assurance of payment for future services to the Utility Companies, the Debtors will deposit $568,987.35, equal to approximately 50% of the estimated monthly cost of the Utility Services, into a newly created, segregated, interest-bearing account, within twenty (20) days of the Petition Date (the "**Adequate Assurance Deposit**").  The Adequate Assurance Deposit will be maintained during the Chapter 11 Cases with a minimum balance equal to 50% of the Debtors' estimated monthly cost of Utility Services, which may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with individual Utility Companies.

8.      The Debtors further propose that, to the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company will file a written notice of such delinquency (the "**Delinquency Notice**") with the Court and serve such Delinquency Notice on (a) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, (c) Choate Hall & Stewart, Two International Place, Boston, MA 02110, Attn: John Ventola, Sean Monahan and Meg Feist, and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Derek Abbott; (d) counsel to the

official committee of unsecured creditors, if one is appointed and (e) the United States Trustee for the District of Delaware (each, a "**Party in Interest**"). Such Delinquency Notice must (a) set forth the amount of the delinquency, (b) set forth the location for which utility services are provided and (c) provide the Debtors' account number with the Utility Company.

9.      The Debtors propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors will be required to (a) remit to such Utility Company from the Adequate Assurance Deposit the amount of postpetition charges claimed as delinquent in the Delinquency Notice and (b) replenish the Adequate Assurance Deposit for the amount remitted to such Utility Company. If a Party in Interest objects to the Delinquency Notice and such objection cannot be consensually resolved with the Utility Company, then the Court would hold a hearing to resolve the dispute and determine whether a payment should be remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much should be remitted.

10.      The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business, constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes that additional assurance is required, they may request such assurance pursuant to the Additional Adequate Assurance Procedures described below.

## C.      The Additional Adequate Assurance Procedures

11.      In the event that any Utility Company requests additional adequate assurance of payment pursuant to Section 366(c)(2) of the Bankruptcy Code, the Debtors propose that such request be addressed pursuant to the following procedures (the "**Additional Adequate Assurance Procedures**"):

(a)     Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden to (i) alter, refuse or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit, or due to the commencement of the Chapter 11 Cases or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the establishment of the Adequate Assurance Deposit.

(b)     The Debtors will serve this Motion and a copy of the interim order and the final order granting the relief requested herein on the Utility Companies within two (2) days after entry of such orders.

(c)     In the event that a Utility Company asserts that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Section 366(c)(2) of the Bankruptcy Code, that Utility Company must serve a written request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit. All Additional Adequate Assurance Requests shall be delivered by mail and e-mail to each of the following: (i) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, E-mail: BZollinger@natenv.com; and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, Email: knight@rlf.com and romanowicz@rlf.com.

(d)     Any Additional Adequate Assurance Request must (i) set forth the location(s) for which Utility Services are provided, (ii) set forth the account number(s) for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit(s), (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment and (v) provide a facsimile number and an electronic mail address to which the Debtors may respond to the Additional Adequate Assurance Request.

(e)     Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will promptly negotiate with the Utility Company to endeavor to resolve the Additional Adequate Assurance Request.

(f)     Without further order of the Court, the Debtors may resolve an Additional Adequate Assurance Request by entering into agreements granting additional adequate assurance to the requesting Utility Company if the Debtors, in their sole discretion, but subject to any postpetition financing or cash collateral order (or accompanying budget) entered by this Court, determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternative consensual provisions.

RLF1 8613277v.4

(g)     If the Debtors determine that the Additional Adequate Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Company, the Debtors will request a hearing before this Court (the "**Determination Hearing**").

(h)     The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Section 366(c)(3) of the Bankruptcy Code.

(i)     Any Utility Company that does not serve an Additional Adequate Assurance Request will be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Section 366(c)(2) of the Bankruptcy Code.

(j)     All Utility Companies, including subsequently added Utility Companies, will be prohibited from altering, refusing or discontinuing Utility Services to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, absent further order of this Court.

12.     The Debtors request a final hearing on this Motion to be held within twenty-five (25) days after the Petition Date to ensure that, if a Utility Company argues that the Adequate Assurance Deposit and the Additional Adequate Assurance Procedures are not satisfactory and that the Utility Company is entitled to unilaterally alter, refuse or discontinue Utility Services to the Debtors immediately following the thirtieth (30th) day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the proposed adequate assurance of payment in time to avoid any potential termination of Utility Services.

D.     **Subsequently Identified Utility Companies**

13.     The Debtors seek authority, in their sole discretion, to amend Exhibit A attached hereto to add or delete any Utility Company. To the extent that the Debtors subsequently identify any additional Utility Companies that provide Utility Services to them, the Debtors propose to add such Utility Companies to Exhibit A and to have the terms of the orders

7

with respect to this Motion apply to any such Utility Companies. The Debtors will serve on any of the subsequently identified Utility Companies a copy of this Motion and the order entered with respect to the Motion, along with an amended Exhibit A that includes such Utility Company.

## BASIS FOR RELIEF

14.     Congress enacted Section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon a bankruptcy filing while, at the same time, providing utility companies or providers with adequate assurance that the debtors will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. In the context of chapter 11 cases, the statutory framework for debtor protections and adequate assurance obligations was modified by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**"), which added the provisions of Section 366(c) of the Bankruptcy Code.

15.     Under Section 366(c) of the Bankruptcy Code, a utility may alter, refuse or discontinue utility service if a debtor has not provided satisfactory adequate assurance within thirty (30) days of its bankruptcy filing. In addition, Section 366(c) of the Bankruptcy Code restricts the factors that a court can consider when determining whether an adequate assurance proposal is, in fact, adequate. Specifically, courts may not consider (a) the absence of a security deposit before the debtor's petition date, (b) the debtor's history of timely payments or (c) the availability of an administrative expense priority, in determining the amount of a deposit. However, while restricting such factors, Section 366(c) of the Bankruptcy Code does not limit the court's ability to determine the amount, if any, of payment necessary to provide adequate assurance. Instead, Section 366(c) of the Bankruptcy Code gives courts the same discretion in determining the amount of payment necessary for adequate assurance as they previously had

under Section 366(b) of the Bankruptcy Code.  Compare 11 U.S.C. § 366(b) (2004) (pre-BAPCPA) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."), with 11 U.S.C. § 366(c)(3)(A) (2005) (post-BAPCPA) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2)."); see also Richard Levin & Alesia Ranney-Marinelli, The Creeping Repeal of Chapter 11:  The Significant Business Provisions of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005, 79 Am. Bankr. L.J. 603, 608-09 (2005) (stating that courts would likely continue to determine the amount and form of adequate protection after the implementation of the BAPCPA).

16.    By making the Adequate Assurance Deposit and establishing the Additional Adequate Assurance Procedures, the Debtors seek to provide adequate assurance and to implement an orderly process to determine any challenges to the adequacy of that adequate assurance.  Without the Additional Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by Utility Companies in an unorganized manner at a critical period in their restructuring efforts.  The orderly process contemplated by the Additional Adequate Assurance Procedures, therefore, is necessary for a smooth transition by the Debtors into Chapter 11.

17.    The relief requested herein does not undermine the rights of the Utility Companies under the Bankruptcy Code.  First, the Adequate Assurance Deposit is one of the acceptable forms of adequate protection set forth in Sections 366(b) and 366(c)(1) of the Bankruptcy Code.  Accordingly, the Debtors are not seeking to bypass the limits on forms of security imposed by the Bankruptcy Code.  Second, the Utility Companies may exercise their

rights under Section 366(c)(2) of the Bankruptcy Code in accordance with the Additional Adequate Assurance Request Procedures. Finally, whatever rights the Utility Companies have under Section 366(c)(3) of the Bankruptcy Code would be preserved.

18.     The Debtors maintain that the relief requested herein strikes a fair balance between the rights of Utility Companies and the rights of the Debtors under the Bankruptcy Code and the need for the Debtors to continue to receive the Utility Services upon which their businesses depend.

19.     Similar relief to the relief requested herein has been granted by numerous courts, including this Court, subsequent to the 2005 amendments to the Bankruptcy Code. See, e.g., In re Dex One Corporation, Case No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013); In re Overseas Shipholding Group, Inc., Case No. 12-20000 (PJW) (Bankr. D. Del. Dec. 7, 2012); In re Graceway Pharmaceuticals, LLC, Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011); In re Freedom Commc'ns Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. Sept. 2, 2009); In re Sun-Times Media Group Inc., Case No. 09-11092 (CSS) (Bankr. D. Del. April 28, 2009); In re Spansion Inc., Case No. 09-10690 (KJC).

## WAIVER OF BANKRUPTCY RULES

20.     To the extent that any aspect of the relief sought herein constitutes a use of property under Section 363(b) of the Bankruptcy Code, and thus is subject to Bankruptcy Rule 6003, the Debtors submit that the Court may grant such relief within twenty-one (21) days after the Petition Date because it is necessary to avoid immediate and irreparable harm.

21.     In addition, the Debtors seek a waiver of the fourteen (14)-day stay under Bankruptcy Rule 6004(h), to the extent applicable. As described above, the relief that the Debtors seek in this Motion is immediately necessary in order for the Debtors to be able to continue to operate their businesses and preserve the value of their estates. The Debtors

RLF1 8613277v.4

respectfully request that the Court waive the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

22.    Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' postpetition secured lender, (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement, (d) counsel to Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement, (e) counsel to International Paper Company, (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors will serve copies of the Motion and any order entered in respect of the Motion as required by Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  The Debtors submit that, under the circumstances, no other or further notice is required.

RLF1 8613277v.4

**WHEREFORE,** the Debtors respectfully request that the Court enter the proposed interim and final orders substantially in the forms attached hereto as <u>Exhibits B</u> and <u>C</u>, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Date: June 9, 2013
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

_____

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Michael J. Merchant (No. 3854)
Paul N. Heath (No. 3704)
920 N. King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email:collins@rlf.com
      knight@rlf.com
      merchant@rlf.com
      heath@rlf.com

Proposed Counsel for Debtors and Debtors in Possession

# EXHIBIT A

## List of Utility Companies

The Utility Companies known and identified by the Debtors to date are listed on Exhibit A.

While the Debtors have used their best efforts to list all of their Utility Companies on Exhibit A, it is possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtors reserve the right, under the terms and conditions of the Motion and without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and to apply the relief requested to all such entities.

In addition, the Debtors reserve the right to argue that any of the entities now or hereafter listed on Exhibit A is not a "utility" within the meaning of Bankruptcy Code Section 366(a).

| Vendor | Service | Monthly Average[1] | Adequate Assurance[2] | Address[3] | City | State | Postal Code |
|---|---|---|---|---|---|---|---|
| Aqua Pennsylvania | Water | 1,007.77 | 503.89 | 762 W. Lancaster Ave. | Bryn Mawr | PA | 19010-3489 |
| AT&T | Phone | 86,637.91 | 43,318.96 | PO Box 105262 | Atlanta | GA | 30348-5262 |
| Atmos Energy | Gas | 8,215.43 | 4,107.71 | PO Box 790311 | St. Louis | MO | 63179-0311 |
| Broadview | Phone | 1,295.19 | 647.60 | PO Box 9242 | Uniondale | NY | 11555-9242 |
| Century Link | Phone | 1,446.77 | 723.39 | PO Box 91155 | Seattle | WA | 98111-9255 |
| City of Ennis | Water | 1,151.69 | 575.84 | Water Department PO Box 220 | Ennis | TX | 75120 |
| City of Smyrna | Trash | 3,062.56 | 1,531.28 | DEPT 130 PO Box 37904 | Charlotte | NC | 28237-7904 |
| City of Westfield | Water | 6,604.67 | 3,302.34 | Collectors Office 28 Sackett St. | Westfield | MA | 01085 |
| Cobb County Water | Water | 660.14 | 330.07 | PO Box 580440 | Charlotte | NC | 28258-0440 |
| Columbia Gas Company | Gas | 2,154.56 | 1,077.28 | PO Box 742537 | Cincinnati | OH | 45274-2537 |
| Constellation | Electricity/Gas | 74,884.69 | 37,442.35 | Bank of America Lockbox Service 14217 Collections Center Drive | Chicago | IL | 60693 |
| Constellation New Energy | Electricity | 331,465.09 | 165,732.55 | 14217 Collections Center Drive | Chicago | IL | 60693 |
| Georgia Power | Electricity | 49,225.50 | 24,612.75 | 96 Annex | Atlanta | GA | 30396-0001 |

---

[1]    Based on the average aggregate utility bill per vendor for the twelve month period from May 2012 to April 2013. In certain instances, the Debtors maintained more than one account with a Utility Company. The Monthly Average and Adequate Assurance amounts are based on the aggregate values of all accounts the Debtors hold with each Utility Company.

[2]    Assumed to be two (2) weeks based on calculated monthly average.

| Vendor | Service | Monthly Average | Adequate Assurance | Address | City | State | Postal Code |
|---|---|---|---|---|---|---|---|
| Kansas City Power & Light | Electricity | 769.59 | 384.80 | PO Box 219330 | Kansas City | MO | 64121-9330 |
| Kentucky Utilities | Electricity | 51,956.54 | 25,978.27 | PO Box 9001954 | Louisville | KY | 40290-1954 |
| Liberty Power | Electricity | 57,901.79 | 28,950.90 | 25901 Network Place | Chicago | IL | 60673 |
| Metro Water | Water | 393.18 | 196.59 | PO Box 305225 | Nashville | TN | 37230-5225 |
| Municipal Authority of Westmoreland | Water | 2,627.47 | 1,313.74 | PO Box 800 | Greensburg | PA | 15601-0800 |
| Nashville Electric | Electricity | 10,686.26 | 5,343.13 | 1214 Church Street | Nashville | TN | 37246-0001 |
| PECO | Electricity/Gas | 14,818.06 | 7,409.03 | Payment Processing PO Box 37629 | Philadelphia | PA | 19101-0629 |
| Piedmont Natural Gas | Gas | 1,781.78 | 890.89 | PO Box 660920 | Dallas | TX | 75266-0920 |
| Puget Sound | Electricity | 1,092.68 | 546.34 | BOT-01H PO Box 91269 | Bellevue | WA | 98009-9269 |
| San Gabriel Valley Water Co. | Water | 843.27 | 421.64 | PO Box 5970 | El Monte | CA | 91734 |
| Shelbyville Municipal Water | Water | 347.04 | 173.52 | Commission PO Box 608 | Shelbyville | KY | 40065 |
| Southern California Edison | Electricity | 100,524.30 | 50,262.15 | PO Box 300 | Rosemead | CA | 91772-0001 |
| Sprague Operating Resources | Gas | 7,179.98 | 3,589.99 | PO Box 347514 | Pittsburgh | PA | 15251-4514 |
| Sprint | Phone | 442.79 | 221.39 | PO Box 219100 | Kansas City | MO | 64121-9100 |
| The Gas Company | Gas | 80.20 | 40.10 | PO Box C | Montery Park | CA | 91756-5111 |
| The Town of Grand Chute | Water | 7,900.84 | 3,950.42 | BEV Matheys 1900 W. Grand Chute Blvd. | Grand Chute | WI | 54913-9613 |
| USA Mobility | Pagers | 423.82 | 211.91 | PO Box 660324 | Dallas | TX | 75266-0324 |
| Uwchlan Township | Sewer | 354.83 | 177.41 | PO Box 1540 | Exton | PA | 19341-0120 |
| Verizon | Phone | 7,093.11 | 3,546.55 | PO Box 920041 | Dallas | TX | 75392-0041 |
| WE Energies | Electricity | 117,528.57 | 58,764.28 | PO Box 2089 | Milwaukee | WI | 53201-2089 |
| West Penn Electric | Electricity | 7,498.77 | 3,749.39 | PO Box 3615 | Akron | OH | 44309-3615 |
| Westfield Gas & Electric | Gas/Electricity | 153,523.62 | 76,761.81 | 100 Elm Street (Attn: Arlene Paton) | Westfield | MA | 01085-0990 |

(cont'd from previous page)

---

[3]    Certain Utility Companies maintain more than one address.  The Debtors maintain records of the remaining Utility Company addresses, and can provide them to the extent necessary.

| Vendor | Service | Monthly Average | Adequate Assurance | Address | City | State | Postal Code |
|---|---|---|---|---|---|---|---|
| Pacific Telemanagement | Pay phones | 321.21 | 160.61 | 2001 Crow Canyon Road (Ste. 200) | San Ramon | CA | 94583 |
| City of Industry | Trash Compactor | 2,379.74 | 1,189.87 | PO Box 3366 | City of Industry | CA | 91744 |
| Potomac Environmental Inc. | Hazardous Waste Removal | 5,210.86 | 2,605.43 | PO Box 1836 | Stafford | VA | 22555-1836 |
| US Waste Industries | Hazardous Waste Removal | 4,870.58 | 2,435.29 | PO Box 2326 | Walterboro | SC | 29488 |
| Windstream Communications | Telecommunications | 2,338.76 | 1,169.38 | PO Box 9001950 | Louisville | KY | 40290-1950 |
| Waste Management of WI-MN | Trash Compactor | 1,304.20 | 652.10 | PO Box 4648 | Carol Stream | IL | 60197 |
| Allied Waste Service | Trash | 2,919.11 | 1,459.55 | PO Box 78829 | Phoenix | AZ | 85062-8829 |
| Allied Waste | Trash | 4,207.78 | 2,103.89 | PO Box 790227 | St. Louis | MO | 63179 |
| Waste Management | Trash | 842.02 | 421.01 | PO Box 13648 | Philadelphia | PA | 19101-3648 |

**EXHIBIT B**

Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x

In re:                                                           :    Chapter 11
                                                                 :
NE OPCO, INC., et al.,                                           :    Case No. 13-_____ (_____)
                                                                 :
                  Debtors.[1]                                    :    Joint Administration Pending

---------------------------------------------------------------- x

**INTERIM ORDER UNDER 11 U.S.C. §§ 105(a) AND 366
(I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR
DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES,
(II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT,
AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[2] of the Debtors for interim and final orders,

under Sections 105(a) and 366 (i) of the Bankruptcy Code prohibiting the Debtors' Utility

Companies from altering, refusing or discontinuing service, (ii) approving an adequate assurance

deposit as adequate assurance of postpetition payment to the Utility Companies and (iii)

establishing procedures for resolving any subsequent requests by the Utility Companies for

additional adequate assurance of payment; and the Court having reviewed the Motion and the

Pinto Declaration; and the Court having determined that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors and other parties in interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and upon the record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefore, it is hereby

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      Absent further order of this Court, the Utility Companies, including any subsequently added Utility Companies, are hereby prohibited from altering, refusing or discontinuing service to, or discriminating against, the Debtors on account of unpaid prepetition invoices or due to the commencement of the Chapter 11 Cases, or requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

3.      The Debtors shall serve a copy of the Motion and this interim order on the Utility Companies within forty-eight (48) hours after entry of this order.

4.      The Debtors shall deposit a total of $568,987.35 into a newly created, segregated, interest-bearing account (the "**Adequate Assurance Deposit**") within twenty (20) days after the Petition Date. The Adequate Assurance Deposit shall serve as a cash security deposit to provide adequate assurance of payment for Utility Services provided to the Debtors after the Petition Date and through the pendency of these cases. The balance of the Adequate Assurance Deposit may be reduced by the Debtors, without further order, to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with a Utility Company. The obligation to maintain the Adequate Assurance Deposit shall terminate upon the effective date of a confirmed plan of reorganization or such other time as these cases may be closed.

5.      To the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall be permitted to file a written notice of such delinquency (the "**Delinquency Notice**") with the Court and serve such Delinquency Notice on

(a) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, (c) Choate Hall & Stewart, Two International Place, Boston, MA 02110, Attn: John Ventola, Sean Monahan and Meg Feist, and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899; and (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin A. Hackman (each, a "**Party in Interest**"). Such Delinquency Notice must (a) set forth the amount of the delinquency, (b) set forth the location for which utility services are provided and (c) provide the Debtors' account number with the Utility Company.

6.       If the delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors shall (a) remit to such Utility Company from the Adequate Assurance Deposit the amount of postpetition charges claimed as delinquent in the Delinquency Notice and (b) replenish the Adequate Assurance Deposit for the amount remitted to such Utility Company. If a Party in Interest objects to the Delinquency Notice, then the Court shall hold a hearing to resolve the dispute and determine whether a payment should be remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much shall be remitted.

7.       The following procedures (the "**Additional Adequate Assurance Procedures**") are hereby approved with respect to all Utility Companies, including all subsequently added Utility Companies:

(a)       Except as provided by the Additional Adequate Assurance Procedures, all Utility Companies are forbidden to (i) alter, refuse, or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit,

or due to the commencement of the Chapter 11 Cases or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the establishment of the Adequate Assurance Deposit.

(b)     In the event that a Utility Company asserts that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code Section 366(c)(2), that Utility Company must serve a written request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit. All Additional Adequate Assurance Requests shall be delivered by mail and email to each of the following: (i) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, E-mail: BZollinger@natenv.com; and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, Email: knight@rlf. com and romanowicz@rlf.com.

(c)     Any Additional Adequate Assurance Request shall (i) set forth the location(s) for which Utility Services are provided, (ii) set forth the account number(s) for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit(s), (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment and (v) provide a facsimile number and an email address to which the Debtors may respond to the Additional Adequate Assurance Request.

(d)     Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will promptly negotiate with the Utility Company to endeavor to resolve the Additional Adequate Assurance Request.

(e)     Without further order of the Court, the Debtors may resolve an Additional Adequate Assurance Request by entering into agreements granting additional adequate assurance to the requesting Utility Company if the Debtors, in their sole discretion, but subject to any postpetition financing or cash collateral order (or accompanying budget) entered by this Court, determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternative consensual provisions.

(f)     If the Debtors determine that the Additional Adequate Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Company, the Debtors shall request a hearing before this Court (the "**Determination Hearing**").

(g)     The Determination Hearing shall be an evidentiary hearing at which the Court shall determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility

Company should be modified pursuant to Bankruptcy Code Section 366(c)(3)(A). The Determination Hearing shall be without prejudice to the right of any Utility to seek relief under Bankruptcy Code Section 366(c)(3) through a separate hearing on notice to the Debtors. Nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with the Determination Hearing or any such separate hearing.

(h)    Any Utility Company that does not serve an Additional Adequate Assurance Request shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Section 366(c)(2) of the Bankruptcy Code.

(i)    All Utility Companies, including subsequently added Utility Companies, shall be prohibited from altering, refusing or discontinuing Utility Services to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, absent further order of this Court.

8.    The Debtors are authorized, in their sole discretion, to amend Exhibit A attached to the Motion to add or delete any Utility Company, and this interim order shall apply in all respects to any such Utility Company that is subsequently added to Exhibit A to the Motion. For those Utility Companies that are subsequently added to Exhibit A, the Debtors shall serve a copy of the Motion and this interim order on such Utility Company, along with an amended Exhibit A that includes such Utility Company.

9.    The Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtors.

10.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this interim order.

11.    Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any postpetition financing or cash collateral order entered by this Court.

12.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this interim order shall be effective and enforceable immediately upon entry hereof.

13.    Nothing in this interim order or the Motion shall be deemed to constitute the assumption or adoption of any agreement under Bankruptcy Code Section 365.

14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this interim order.

15.    The final hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on_____, 2013, at _____

_____.m. Prevailing Eastern Time.

16.    Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on (a) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, and (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin A. Hackman, no later than _____, 2013, at 5:00 p.m. Prevailing Eastern Time.

Dated: _____, 2013
          Wilmington, Delaware


_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- x

In re:                                                                  :    Chapter 11

                                                                        :

NE OPCO, INC., et al.,                                        :    Case No. 13-_____ (_____)

                                                                        :

                                    Debtors.[1]                 :    Joint Administration Pending

--------------------------------------------------------- x

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a) AND 366
(I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR
DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES,
(II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT,
AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[2] of the Debtors for interim and final orders, under

Sections 105(a) and 366 (i) of the Bankruptcy Code prohibiting the Debtors' Utility Companies

from altering, refusing or discontinuing service, (ii) approving an adequate assurance deposit as

adequate assurance of postpetition payment to the Utility Companies and (iii) establishing

procedures for resolving any subsequent requests by the Utility Companies for additional

adequate assurance of payment; and the Court having reviewed the Motion and the Pinto

Declaration; and the Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further notice

is necessary; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefore, it is hereby

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2]        Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on a final basis, as set forth herein. All objections to the entry of this final order, to the extent not withdrawn or settled, are overruled.

2.      Absent further order of this Court, the Utility Companies, including any subsequently added Utility Companies, are hereby prohibited from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of unpaid prepetition invoices or due to the commencement of the Chapter 11 Cases, or requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

3.      The Debtors shall serve a copy of this final order on the Utility Companies within forty-eight (48) hours after entry.

4.      The Debtors shall deposit a total of $568,987.35 into a newly created, segregated, interest-bearing account (the "**Adequate Assurance Deposit**") within twenty (20) days after the Petition Date. The Adequate Assurance Deposit shall serve as a cash security deposit to provide adequate assurance of payment for Utility Services provided to the Debtors after the Petition Date and through the pendency of these cases. The balance of the Adequate Assurance Deposit may be reduced by the Debtors, without further order, to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with a Utility Company. The obligation to maintain the Adequate Assurance Deposit shall terminate upon the effective date of a confirmed plan of reorganization or such other time as these cases may be closed.

5.      To the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall be permitted to file a written notice of such delinquency (the "**Delinquency Notice**") with the Court and serve such Delinquency Notice on

(a) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, (c) Choate Hall & Stewart, Two International Place, Boston, MA 02110, Attn: John Ventola, Sean Monahan and Meg Feist, and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899, (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin A. Hackman (each, a "**Party in Interest**"). Such Delinquency Notice must (a) set forth the amount of the delinquency, (b) set forth the location for which utility services are provided and (c) provide the Debtors' account number with the Utility Company.

6.      If the delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors shall (a) remit to such Utility Company from the Adequate Assurance Deposit the amount of postpetition charges claimed as delinquent in the Delinquency Notice and (b) replenish the Adequate Assurance Deposit for the amount remitted to such Utility Company. If a Party in Interest objects to the Delinquency Notice, then the Court shall hold a hearing to resolve the dispute and determine whether a payment should be remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much shall be remitted.

7.      The following procedures (the "**Additional Adequate Assurance Procedures**") are hereby approved with respect to all Utility Companies, including all subsequently added Utility Companies:

(a)      Except as provided by the Additional Adequate Assurance Procedures, all Utility Companies are forbidden to (i) alter, refuse, or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit,

or due to the commencement of the Chapter 11 Cases or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the establishment of the Adequate Assurance Deposit.

(b)    In the event that a Utility Company asserts that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Section 366(c)(2) of the Bankruptcy Code, that Utility Company must serve a written request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit. All Additional Adequate Assurance Requests shall be delivered by mail and email to each of the following: (i) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, General Counsel, E-mail: BZollinger@natenv.com; and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight and William A. Romanowicz, Email: knight@rlf.com and romanowicz@rlf.com.

(c)    Any Additional Adequate Assurance Request shall (i) set forth the location(s) for which Utility Services are provided, (ii) set forth the account number(s) for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit(s), (iv) set forth what the Monthly Invoice Provider would accept as satisfactory adequate assurance of payment and (v) provide a facsimile number and an email address to which the Debtors may respond to the Additional Adequate Assurance Request.

(d)    Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will promptly negotiate with the Utility Company to endeavor to resolve the Additional Adequate Assurance Request.

(e)    Without further order of the Court, the Debtors may resolve an Additional Adequate Assurance Request by entering into agreements granting additional adequate assurance to the requesting Utility Company if the Debtors, in their sole discretion, but subject to any postpetition financing or cash collateral order (or accompanying budget) entered by this Court, determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternative consensual provisions.

(f)    If the Debtors determine that the Additional Adequate Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Company, the Debtors shall request a hearing before this Court (the "**Determination Hearing**").

(g)    The Determination Hearing shall be an evidentiary hearing at which the

Court shall determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Bankruptcy Code Section 366(c)(3)(A). The Determination Hearing shall be without prejudice to the right of any Utility to seek relief under Section 366(c)(3) of the Bankruptcy Code through a separate hearing on notice to the Debtors. Nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with the Determination Hearing or any such separate hearing.

(h)     Any Utility Company that does not serve an Additional Adequate Assurance Request shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Section 366(c)(2) of the Bankruptcy Code.

(i)     All Utility Companies, including subsequently added Utility Companies, shall be prohibited from altering, refusing or discontinuing Utility Services to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, absent further order of this Court.

8.     The Debtors are authorized, in their sole discretion, to amend Exhibit A attached to the Motion to add or delete any Utility Company, and this order shall apply in all respects to any such Utility Company that is subsequently added to Exhibit A to the Motion. For those Utility Companies that are subsequently added to Exhibit A, the Debtors shall serve a copy of the Motion and this order on such Utility Company, along with an amended Exhibit A that includes such Utility Company.

9.     The Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtors.

10.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this final order.

11.     Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any postpetition financing or cash

collateral order entered by this Court.

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this final order shall be effective and enforceable immediately upon entry hereof.

13.     Nothing in this final order or the Motion shall be deemed to constitute the assumption or adoption of any agreement under Section 365 of the of the Bankruptcy Code.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this final order.


Dated: _____, 2013
            Wilmington, Delaware


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE