**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                      : Chapter 11
                                            :
NE OPCO, INC., et al.,                      : Case No. 13-11483 (CSS)
                                            :
            Debtors.[1]                     : Joint Administration Pending
                                            :
---------------------------------------------------------- X  Re: Docket No. 4

# INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345, AND 363, FED. R. BANKR. P. 6003 AND DEL. BANKR. L.R. 2015-2 (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS, (II) WAIVING CERTAIN REQUIREMENTS OF THE UNITED STATES TRUSTEE, AND (III) EXTENDING THE DEBTORS' TIME TO COMPLY WITH SECTION 345 OF THE BANKRUPTCY CODE

Upon the motion (the "**Motion**")[2] of the Debtors for an order, pursuant to Sections 105(a), 345, and 363 of the Bankruptcy Code, Bankruptcy Rule 6003 and Local Rule 2015-2, (i) authorizing, but not directing, the Debtors to continue to maintain and use their existing cash management system, including maintenance of the Debtors' existing bank accounts, checks and business forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the United States Trustee to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the cash management system or (b) any action taken by the Debtors in accordance with any order granting this Motion or any other order entered in the Debtors' Chapter 11 cases; and (iii) granting the Debtors additional time to comply with Section 345 of the Bankruptcy Code including the related requirements of the United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Trustee; and the Court having reviewed the Motion and the Pinto Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Debtors are authorized to continue to use their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Order. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash, including all intercompany transactions, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions.

3. Subject to the requirements of Paragraph 10 below, the Debtors are authorized to (a) designate, maintain and continue to use any and all of their respective operating, disbursement, collection and other accounts (collectively, the "**Bank Accounts**") in existence as of the Petition Date, with the same account numbers, styles, and document forms as are currently employed, including but not limited to the accounts identified in the attachments to the Motion, (b) if necessary, open new accounts wherever they are needed, whether or not such banks are designated depositories in the District of Delaware, (c) subject to the terms of this Order, deposit

funds in, and withdraw funds from, the Bank Accounts in the usual and ordinary course, including checks, wire transfers, ACH transfers, drafts or other items presented, issued, or drawn on the Bank Accounts, (d) pay ordinary course bank fees in connection with the Bank Accounts, including any fees arising prior to the Petition Date, (e) perform their obligations under the documents and agreements governing the Bank Accounts, and (f) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors-in-possession; provided, however, that the Debtors may only open new Bank Accounts with banks that agree to be bound by the terms of this Order and, in particular, the Cash Management System. The Debtors are further authorized to close Bank Accounts in the ordinary course of business. To the extent the Debtors open or close Bank Accounts, they shall provide prompt notice to the United States Trustee, any agent under any postpetition financing agreement with the Debtors (and their counsel) and counsel to any official committee appointed in these cases. Any self-printed checks and any new check stock used by the Debtors shall contain the designation "Debtor in Possession."

4. Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing checks and business forms without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them.

5. The Debtors are authorized to continue to utilize all third-party providers necessary for the administration of their Cash Management System.

6. Nunc pro tunc to the Petition Date, and subject to the terms of this Order, Wells Fargo is authorized, to the extent of available funds, to continue to administer, service and maintain the Bank Accounts as such accounts were administered, serviced and maintained prepetition, without interruption and in the ordinary course (including making deductions for

bank fees), and to honor, and debit from Debtors' accounts in the ordinary course of business and without further Order of this Court, any and all checks, wire transfers, ACH transfers, electronic funds transfers or other items presented, issued or drawn on the Bank Accounts, in respect of any amounts owing other than with respect to chargebacks on account of Returned Items (defined below) related to such Bank Accounts; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that Wells Fargo is obligated to settle) or other items presented, issued or drawn on the Bank Accounts prior to the Petition Date shall be honored.

7. Each Bank that maintains a disbursement account shall implement reasonable handling procedures designed to effectuate the terms of this Order. No Bank that implements such handling procedures and then honors a prepetition check, wire transfer, ACH transfer or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in the good-faith belief that the Court has authorized such prepetition check, wire transfer, ACH transfer, electronic funds transfer, or other item to be honored, or (c) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

8. Subject to the provisions of this Order, Wells Fargo is authorized to honor all representations from the Debtors as to which checks, wire transfers, ACH transfers or other items should be honored or dishonored; provided, however, in the course of providing cash management services to the Debtors, Wells Fargo is authorized, without further Order of this Court, to deduct from the appropriate Bank Accounts of the Debtors its bank fees, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including without limitation, returned items that result from ACH

transactions, wire transfers, or other electronic transfers of any kind (collectively, "**Returned Items**"), regardless of whether such items were deposited or transferred pre-prepetition or post-petition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9. For banks at which the Debtors hold accounts that are party to a Uniform Depository agreement with the United States Trustee, within five (5) business days of the date of entry of this Order, the Debtors shall (a) contact each bank, (b) provide each of the Debtors' employer identification numbers and (c) identify each of their accounts held at such banks as being held by a debtor in possession in a bankruptcy case.

10. The Debtors are authorized to implement such reasonable changes to the Cash Management System as the Debtors may deem necessary or appropriate, including, without limitation, closing any of the Bank Accounts or opening any additional Bank Accounts following the Petition Date (the "**New Accounts**"), wherever the Debtors deem that such accounts are needed or appropriate, and whether or not the banks in which the accounts are opened are designated depositories in the District of Delaware. Notwithstanding the foregoing, any New Account that the Debtors open will be (a) with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC or the Federal Savings and Loan Insurance Corporation (b) designated a "Debtor in Possession" account by the relevant bank (c) at a bank that has executed a Uniform Depository Agreement with the United States Trustee, or at a bank that is willing immediately to execute such an agreement and (d) in accordance with the terms and provisions of any covenants relating thereto set forth in any postpetition financing agreement with the Debtors. The New Accounts are deemed to be Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Order. The

Debtors shall provide the United States Trustee and counsel to any official committee appointed in these cases with prompt _advance_ notice of any New Accounts that are opened. Wells Fargo is authorized to honor the Debtors' requests to open or close (as the case may be) any Bank Account(s).

11. The bank account requirements of the United States Trustee, and such other requirements that are inconsistent with the terms of this Order, if any, are hereby waived to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the Cash Management System or (b) any action taken by the Debtors in accordance with this Order or any other order entered in these Chapter 11 cases.

12. The Debtors are authorized to deposit and invest funds in accordance with their established deposit and investment practices in effect as of the commencement of these Chapter 11 cases and, to the extent such deposit practices are not consistent with the requirements of Section 345(b) of the Bankruptcy Code or the United States Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived, on an interim basis. The Debtors shall have 60 days (or such additional time as the United States Trustee may agree to) from the Petition Date (the "**Extension Period**") within which to either come into compliance with Section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the United States Trustee. Such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of Section 345(b) of the Bankruptcy Code.

13. _Unless otherwise provided herein_, ~~Notwithstanding anything herein to the contrary~~, those certain existing deposit agreements between Debtors and Wells Fargo shall continue to govern the postpetition Cash Management System between the Debtors and Wells Fargo, and that all of the provisions of such

RLF1 8734364v.1

agreements, including without limitation, the termination and fee provisions, shall remain in full force and effect.

14. The Debtors shall at all times maintain sufficient balances in the Bank Accounts so as to secure their obligations to Wells Fargo.

15. The Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based upon the disbursements of each Debtor, regardless of which Debtor pays such disbursements.

16. ~~Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any financing or cash collateral order entered by this Court and no payment shall be made by the Debtors unless (a) such payment is permitted by the budget then in effect under the financing or cash collateral order entered by this Court and (b) the financing or cash collateral order is in effect and has not been terminated in accordance with its terms.~~

17. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

18. The Debtors shall serve notice of the Motion (to the extent not already provided) and entry of this Order on (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' postpetition DIP lenders, (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement, (d) counsel to Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement, (e) counsel to International Paper Company, (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 9013-1(m). The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and

RLF1 8734364v.1


served on counsel for the Debtors no later than ~~4:00 p.m. seven days prior to the final hearing with respect to the Motion~~ 12:00 p.m. (Eastern Time) on June 26, 2013 (the "**Objection Deadline**"). In the event that no objections to this Order are received by the Objection Deadline, the Debtors' counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on July 1, 2013 at 10:00 a.m.

19.  The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

20.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June 11, 2013
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE