**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                     :   Chapter 11
                                           :
NE OPCO, INC., et al.,                     :   Case No. 13-11483 (CSS)
                                           :
         Debtors.[1]                       :   Joint Administration Pending
                                           :
---------------------------------------------------------------- x   Re: Docket No. 6

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF EPIQ SYSTEMS AS
CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C. § 156(c), 11 U.S.C. § 105(a)
AND DEL. BANKR. L.R. 2002-1(f)**

Upon the application (the "**Section 156(c) Application**")[2] of the Debtors for an order authorizing the retention and appointment of Epiq Systems ("**Epiq**") as claims and noticing agent, under Judicial Code Section 156(c), Section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) to, among other things, (i) distribute required notices to parties-in-interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and (iii) provide such other administrative services, as required by the Debtors, that would fall within the purview of services to be provided by the Clerk's Office; and upon the Epiq Declaration submitted in support of the Section 156(c) Application; and the Debtors having estimated that there are in excess of 11,000 creditors in the Chapter 11 Cases, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in Title 11 cases and to receive, docket, maintain,

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

RLF1 8734818v.2

photocopy and transmit proofs of claim; and the Court being satisfied that Epiq has the capability and experience to provide such services and that Epiq does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Section 156(c) Application having been given; and no other or further notice being required; and it appearing that the employment of Epiq is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Section 156(c) Application is approved to the extent set forth in this Retention Order.

2. The Debtors are authorized to retain Epiq effective as of the Petition Date under the terms of the Epiq Agreement, and Epiq is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and all related tasks, all as described in the Section 156(c) Application as the Epiq Services.

3. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. Epiq is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application.

6. The Debtors are authorized to compensate Epiq in accordance with the terms of the Epiq Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Epiq shall be precluded, in the absence of an order of this Court, from suspending or terminating its services under the Epiq Agreement.

8. Epiq shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall file and serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Epiq Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Retention Order shall be an administrative expense of the Debtors' estates.

11. The application of Epiq's retainer to all prepetition invoices is approved. Epiq may hold its retainer under the Epiq Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred in performing the Epiq Services, with any remaining

RLF1 8734818v.2

amount to be held as security for the payment of approved fees and expenses incurred in performing other authorized services under the Epiq Agreement.

12. The Debtors shall indemnify Epiq under the terms of the Epiq Agreement and this Retention Order.

13. Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Epiq Agreement for services other than the services provided under the Epiq Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

14. Notwithstanding anything to the contrary in this Order or the Epiq Agreement, the Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to <u>In re United Artists Theatre Co., et al.</u>, 315 F.3d 217 (3d Cir. 2003), or (c) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Epiq Agreement as modified by this Retention Order.

15. If, before the earlier of (a) the entry of an order confirming a Chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution

4

and/or reimbursement obligations under the Epiq Agreement (as modified by this Retention Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in the Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by the Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties-in-interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

16. In the event Epiq is unable to provide the services set out in this Retention Order, Epiq will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorneys.

17. The Debtors will submit a separate retention application for Epiq pursuant to Sections 327 and 328 of the Bankruptcy Code for services that Epiq intends to perform outside the ambit of those services described in the Section 156(c) Application, and nothing in this Retention Order shall operate to limit the approval of such retention application under Sections 327 and 328 of the Bankruptcy Code.

18. The Debtors and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Retention Order in accordance with the Section 156(c) Application.

19. Notwithstanding any term in the Epiq Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Retention Order.

20. Epiq shall comply with all relevant statutory provisions and rules of procedure, including local rules of procedure, general orders and applicable guidelines.

21. Debtors' counsel shall notify both the Clerk's Office and Epiq within seven (7) days of an order of dismissal or conversion of the case.

22. At the end of the case or upon termination of Epiq's services, the Debtor or the trustee must obtain a termination order to terminate the services of Epiq. Epiq is responsible for archiving the claims with the Federal Archives Records Administration, if applicable.

23. Notwithstanding any term in the Epiq Agreement to the contrary, Epiq shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

24. In the event of any inconsistency between the Epiq Agreement, the Section 156(c) Application and this Retention Order, this Retention Order shall govern.

Dated: June 11, 2013
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 8734818v.2