**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     : Chapter 11
                                                           :
NE OPCO, INC., et al.,                                     : Case No. 13-11483 (CSS)
                                                           :
            Debtors.[1]                                    : Joint Administration Pending
                                                           :
---------------------------------------------------------- x Re: Docket No. 9

# INTERIM ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WORKFORCE OBLIGATIONS, INCLUDING COMPENSATION, BENEFITS, EXPENSE REIMBURSEMENTS AND RELATED OBLIGATIONS, (II) CONFIRMING RIGHT TO CONTINUE WORKFORCE PROGRAMS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (IV) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS OF, OR THIRD PARTY PROVIDERS UNDER, WORKFORCE PROGRAMS AND (V) DIRECTING BANKS TO HONOR PREPETITION CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS

Upon the motion (the "**Motion**")[2] of the Debtors for an order under Sections 105(a), 363(b), 363(c), 507(a), 541, 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003(i) authorizing the Debtors to pay certain prepetition amounts owing to or for the benefit of current Employees, Temporary Employees and Independent Contractors, and for benefits and reimbursable expenses owed to or for the benefit of current Employees; (ii) confirming the Debtors' right to continue postpetition, in the ordinary course of business, the Employee-related plans, programs and policies in effect immediately prior to the filing of these cases; (iii) authorizing the Debtors to pay any and all local, state and federal withholding and payroll-related or similar taxes relating to prepetition periods; (iv) confirming the Debtors' right

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

RLF1 8734849v.2

to continue to deduct and to transmit deductions from payroll checks as authorized by Employees, as required under any Employee-related plan, program or policy or as authorized or required by law; (v) authorizing the Debtors to pay any prepetition claims owing to the administrators of, or third party providers under, their Employee-related plans, programs and policies as necessary to ensure the delivery of compensation, benefits and expense reimbursements to their Employees; and (vi) authorizing and directing all banks to receive, process, honor and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid pursuant hereunder; and the Court having reviewed the Motion and the Pinto Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

## ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized to pay or otherwise honor the Prepetition Workforce Obligations to, or for the benefit of, the Employees, the Temporary Employees and the Independent Contractors under the Workforce Programs consistent with the amounts set forth in the Motion and not to exceed the aggregate cap. Amounts paid pursuant to this Order shall not exceed $2,825,000 in the aggregate absent further order of this Court.

3. The Debtors are authorized to continue each of the Workforce Programs, including but not limited to maintaining the Employee Benefits, in the ordinary course of business during the pendency of these cases in the manner and to the extent that such Workforce

Programs were in effect immediately prior to the filing of these cases and to continue to fund and to make payments in connection with the costs of and the expenses incurred in the administration of any Workforce Program, provided however, that the Debtors shall not make any distributions on account of any severance obligations, including under the Severance Policy, until entry of a final order.

4. The Debtors are authorized to reimburse the Employees for business related expenses incurred prior to the Petition Date. In addition, the Debtors are authorized to reimburse the Employees for prepetition relocation expenses and to make direct payments to third parties involved in the relocation process for otherwise reimbursable expenses incurred by or on behalf of the Employees.

5. The Debtors are authorized to pay any and all local, state and federal withholding and payroll-related or similar taxes related to the Prepetition Workforce Obligations including, but not limited to, all withholding taxes, social security taxes and medicare taxes, whether such taxes relate to the period before or after the Petition Date.

6. The Debtors are authorized to pay claims of the Administrators, in connection with administering and delivering payments or other benefits to Employees for prepetition services rendered and claims for reimbursement based on prepetition disbursements made by the Administrators.

7. Debtors are authorized, but not directed, to pay prepetition amounts owed to agencies on behalf of the Service Fees relating to the Temporary Employees.

8. The Debtors are authorized, but not directed, to pay prepetition amounts owed to Independent Contractors.

RLF1 8734849v.2

9. Notwithstanding any other provision of this Order, pending entry of a final order, payments to or on behalf of any one person on account of wages and other compensation obligations in the interim period shall be limited by Sections 507(a)(4) and (5) of the Bankruptcy Code and capped at the amount afforded priority by those statutory subsections.

10. The banks upon which any checks or wire transfers are drawn in payment of the Prepetition Workforce Obligations or any other obligations authorized to be paid hereunder, either before, on or after the Petition Date, are authorized, but not directed, to receive, process, honor and pay any such checks or wire transfers; and such banks are authorized and directed to rely on the representations of the Debtors as to which checks and wire transfers are in payment of such obligations. Further, the Debtors are authorized to issue new postpetition checks to replace any checks that may be dishonored and to reimburse any expenses that Employees, Temporary Employees, Independent Contractors or other persons may incur as a result of any bank's failure to honor a prepetition check.

11. Any person receiving payment from the Debtors is authorized to rely upon the representations of the Debtors as to which payments are authorized by this Order.

12. Neither the provisions of this Order, nor any payments made or not made by the Debtors pursuant to this Order, shall be deemed an assumption or rejection of any Workforce Program, agreement or contract, or otherwise affect the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtors and any Employee, Temporary Employee or agency providing such Temporary Employee, Independent Contractor or other person.

13. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any

claim held by, any Employee, Temporary Employee or agency providing such Temporary Employee, Independent Contractor or other person.

14. Notwithstanding anything to the contrary in the Motion, nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to Section 503(c) of the Bankruptcy Code, or (2) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

15. The Debtors shall serve notice of the Motion (to the extent not already provided) and entry of this order on the Initial Notice Parties and all parties that have filed prior to such service date requests for notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 9013-1(m). The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and served on counsel for the Debtors no later than ~~seven~~ 12:00 p.m. (Eastern Time) on June 26, 2013 ~~days prior to the final hearing with respect to the Motion~~ (the "**Objection Deadline**"). In the event that no objections to this Order are received by the Objection Deadline, the Debtors' counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on July 1, 2013, at 10:00 a.m.

16. ~~Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any cash collateral and/or postpetition financing order entered by this Court.~~

17. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

RLF1 8734849v.2

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June 11, 2013
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 8734849v.2