**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
NE OPCO, INC., et al.,                                       : Case No. 13-11483 (CSS)
                                                             :
             Debtors.[1]                        : Joint Administration Pending
                                                             :
------------------------------------------------------------ x  Re: Docket No. 10

## INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS (A) TO CONTINUE PREPETITION INSURANCE COVERAGE AND (B) TO MAINTAIN THE PREPETITION FINANCING AGREEMENT

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, seeking entry of an order authorizing, but not directing, the Debtors to (a) continue to maintain and administer prepetition insurance policies and revise, renew, supplement or replace such policies, as needed (b) pay or honor prepetition obligations outstanding on account of the Policies, as further described in the Motion, and (c) continue and maintain the Financing Agreement; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the Pinto Declaration, the record of all proceedings had before the Court; and the Court

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, in their discretion, to (a) continue to maintain and perform under their Policies; (b) pay prepetition amounts due and owing related thereto to the extent that the Debtors determine that such payment is necessary or appropriate and (c) revise, renew, supplement or replace such Policies, if necessary, in the ordinary course of business and consistent with past practice. In addition to honoring workers compensation payments in the ordinary course, payments made pursuant to this motion shall not exceed $88,588 absent further order of the Court.

3. The Debtors are authorized, in their discretion to continue to maintain and perform under their Financing Agreement and revise, extend, renew, supplement or replace such Financing Agreement, if necessary, in the ordinary course of business and consistent with past practice.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests, solely to the extent the Debtors have sufficient funds standing to their credit with such

financial institutions, when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order and shall have no duty of further inquiry nor any liability for relying on such representations or following the Debtors' instructions.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a).

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion

9. The Debtors shall serve notice of the Motion (to the extent not already provided) and entry of this Order on (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' postpetition DIP lenders, (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement, (d) counsel to Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement, (e) counsel to International Paper Company, (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 9013-1(m). The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and served on counsel for the Debtors no later than ~~4:00 p.m. seven days~~ 12:00 p.m. (Eastern Time) on June 26, 2013

~~prior to the final hearing with respect to the Motion~~ (the "**Objection Deadline**"). In the event that no objections to this Order are received by the Objection Deadline, the Debtors' counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on July 1, 2013 at 10 : 00 a.m.

        10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: June 11, 2013
      Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 8734843v.2