**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                            : Chapter 11
                                                  :
NE OPCO, INC., et al.,                            : Case No. 13-11483 (CSS)
                                                  :
              Debtors.[1]                         : Joint Administration Pending
                                                  :
                                                  : Re: Docket No. 11
---------------------------------------------------------------- x

**INTERIM ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 364(b), 1107(a)
AND 1108 AND FED. R. BANKR. P. 6003 AUTHORIZING PAYMENT OF
(I) CERTAIN PREPETITION SHIPPING, WAREHOUSING AND RELATED CLAIMS,
AND (II) CERTAIN PREPETITION IMPORT AND EXPORT CLAIMS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, under Sections 105(a), 363(b), 364(b), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003 authorizing the Debtors to pay (i) certain prepetition shipping, warehousing and related claims (the "**Distribution Claims**"), and (ii) certain prepetition customs duties, detention and demurrage fees, tariffs and excise taxes, freight forwarding or consolidation charges and other similar obligations (the "**Import/Export Claims**"); and the Court having reviewed the Motion and the Pinto Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

RLF1 8734841v.2

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Subject to paragraph 4, the Debtors are authorized, but not directed, to make payments, either directly or indirectly, to the Distribution Vendors for obligations owing in respect of the Distribution Claims to the extent the Debtors determine, in the exercise of their business judgment, that such payments are necessary or appropriate to (a) secure the delivery, distribution and sale of the Debtors' goods to customers throughout the United States and abroad, (b) ensure the delivery of goods and raw materials to the Debtors' facilities or (c) satisfy the liens, if any, in respect of amounts owed to such parties. Payments made pursuant to this Order shall not exceed $2,750,000 in the aggregate without further order of this Court.

3. The Debtors are authorized, but not directed, to make payments directly or indirectly to the Import/Export Providers for obligations owing in respect of the Import/Export Claims to the extent the Debtors determine, in the exercise of their business judgment, that such payments are necessary or appropriate to secure the import or export of goods.

4. Subject to entry of a final order, the Debtors are authorized, in their sole discretion, to pay the Distribution Claims on the following terms and conditions:

    (a) The Debtors, in their sole discretion, shall determine which obligations, if any, are entitled to payment under this Order;

    (b) If a party accepts payment under this Order, such party is deemed to have agreed to (i) release any liens it may have on the Debtors' goods or property and (ii) subject to subparagraph (d) below, continue to provide goods or services to the Debtors on terms and conditions (including credit terms) as good or better than those that

existed on February 9, 2013 (the "**Customary Terms**"),[3] during the pendency of these Chapter 11 Cases;

(c) Subject to subparagraph (d), the Debtors reserve the right to assert that if a party accepts payment under this Order and thereafter does not continue to provide goods or services to the Debtors on the Customary Terms (or terms more favorable to the Debtors) during the pendency of these Chapter 11 Cases, then (i) any payment on a prepetition claim received by such party shall be deemed to be an unauthorized voidable postpetition transfer under Bankruptcy Code Section 549 and, therefore, recoverable by the Debtors in cash upon written request and (ii) subject to paragraph 5 below, upon recovery by the Debtors, any such prepetition claim shall be reinstated as if the payment had not been made, less the Debtors' reasonable costs in recovering such amounts;

(d) In the event of the assertion of a possessory lien against the Debtors' property that prevents the Debtors from accessing their property without payment of the prepetition claim giving rise to the lien, the Debtors may pay the claim without regard to subparagraphs (b)(ii) and (c) above; and

(e) Prior to paying a prepetition claim under this Order, the Debtors may, in their absolute discretion, settle all or part of such claim for less than its face amount without further notice or hearing. In any event, the Debtors may elect to only pay part of a prepetition claim under the authorization granted, leaving the remainder of the claim to be addressed pursuant to their plan of reorganization.

5. Should the Debtors seek to recover payments under paragraph 4(c) of this Order, nothing in this Order shall preclude a party from contesting such treatment by making a written request (the "**Request**") to the Debtors to schedule a hearing before this Court. If such a request is made, the hearing on the request will be the next scheduled hearing date not less than thirty (30) days after the Debtors received the Request, of which hearing the Debtors will provide notice to the requesting party and other interested parties in accordance with the Bankruptcy Code and the orders of this Court.

---

[3] In the event the relationship between the party accepting payment under this Order and the Debtors does not extend to February 9, 2013, the Customary Terms shall mean the terms that the party generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment.

RLF1 8734841v.2

6.  All applicable banks and other financial institutions are authorized to rely on the Debtors' direction to pay amounts in accordance with this Order.

7.  The authority granted by this Order to pay certain claims shall not be construed as: (a) an admission by the Debtors as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise by the Debtors to pay any claim; (d) an implication or admission by the Debtors that any particular claim would constitute a Subject Claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) otherwise affect the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order.

8.  Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Distribution Vendors or the Import/Export Provides, including the Debtors' rights to (a) cancel or contest any invoice on any grounds, or (b) decline the acceptance of goods and services.

9.  The Debtors shall serve notice of the Motion (to the extent not already provided) and entry of this order on the Initial Notice Parties and all parties that have filed prior to such service date requests for notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 9013-1(m). The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and served on counsel for the Debtors no later than ~~seven days prior to the final hearing with respect to the Motion~~ 12:00 p.m. (Eastern Time) on June 26, 2013 (the "**Objection Deadline**"). In the event that no objections to this Order are received by the Objection Deadline, the Debtors'

counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on July 1, 2013, at 10:00 a.m.

10. ~~Notwithstanding the relief granted herein or any actions taken hereunder, no payments authorized hereunder shall be permitted to the extent they are violative of any cash collateral or postpetition financing orders entered by the Court.~~

11. The requirements of Bankruptcy Rule 6003 are hereby satisfied.

12. Notwithstanding Bankruptcy Rule 6004(h) or any other applicable Bankruptcy Rule, this Order shall take effect immediately upon approval.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: June 11, 2013
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 8734841v.2