IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
NE OPCO, INC., et al.,                                       :    Case No. 13-11483 (CSS)
                                                             :
                 Debtors.[1]                                :    Jointly Administered
------------------------------------------------------------ x

### APPLICATION OF DEBTORS FOR ORDER UNDER 11 U.S.C. §§ 327 AND 328, FED. R. BANKR. P. 2014 AND DEL. BANKR. L.R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF EPIQ SYSTEMS AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO PETITION DATE

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby apply (the "**Section 327 Application**") for entry of an order, under Sections 327 and 328 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the employment and retention of Epiq Systems ("**Epiq**") as administrative advisor for the Debtors in connection with these cases. In support of the Section 327 Application, the Debtors rely upon and incorporate by reference the *Declaration of Jennifer M. Meyerowitz, Esq. in Support of Application of Debtors for Order Under 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014 and Del. Bankr. L.R. 2014-1 Authorizing Employment and Retention of Epiq Systems as Administrative Advisor Nunc Pro Tunc to Petition Date* (the "**Epiq Declaration**"), attached hereto as Exhibit A. In support of the Section 327 Application, the Debtors respectfully represent:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

## JURISDICTION

1. The Court has jurisdiction to consider the Section 327 Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Section 327 Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

2. On June 10, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions in the Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of James Pinto in Support of Chapter 11 Petitions and First Day Motions*, filed with the Court on the Petition Date and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4. By the Section 327 Application, the Debtors seek entry of an order authorizing them to retain and employ Epiq *nunc pro tunc* to the Petition Date, to serve as administrative advisor pursuant to the applicable terms of the Agreement for Services dated May 22, 2013 (the "**Epiq Agreement**") attached hereto as Exhibit B and as described herein.

5.  On the Petition Date, the Debtors filed an application under 28 U.S.C. § 156(c) for authorization to retain Epiq to serve as the claims and noticing agent in the Chapter 11 Cases (the "**Section 156(c) Application**"). The Court entered an order approving the Section 156(c) Application on June 11, 2013. Given that the administration of the Chapter 11 Cases will require Epiq to perform duties that are outside the scope of 28 U.S.C. § 156(c), the Debtors supplement the Section 156(c) Application with this Section 327 Application.

## EPIQ'S QUALIFICATIONS

6.  Epiq is one of the country's leading chapter 11 administrators that specializes in claims administration, consulting and analysis, including noticing, claims processing, voting and other administrative tasks in chapter 11 cases. The Debtors believe that Epiq is well qualified to provide such services, expertise, consultation and assistance. The Debtors chose Epiq based on its experience and competitive fees. As set forth in the Epiq Declaration, Epiq has assisted and advised numerous chapter 11 debtors in connection with noticing, claims administration and reconciliation, and the administration of plan votes. Epiq has provided identical or substantially similar services in other chapter 11 cases nationwide, including in this Court. See, e.g., In re Dex One Corporation, Case No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013); In re Supermedia, Inc., Case No. 13-10545 (KG) (Bankr. D. Del. Mar. 19, 2013); In re Prince Sports, Inc., Case No. 12-11439 (KJC) (Bankr. D. Del. May 2, 2012); In re SSI Grp. Holding Corp., Case No. 11-12917 (MFW) (Bankr. D. Del. Sept. 15, 2011); In re Anchor Blue Holding Corp., Case No. 11-10110 (PJW) (Bankr. D. Del. Jan. 12, 2011); In re Post-Sale Co. II, LLC (f/k/a Consol. Horticulture Grp. LLC), Case No. 10-13308 (CSS) (Bankr.

D. Del. Oct. 14, 2010); In re Trico Marine Servs., Inc., Case No. 10-12653 (BLS) (Bankr. D. Del. Aug. 27, 2010).[2]

## SCOPE OF SERVICES

7.  The Debtors propose to retain Epiq on the terms and conditions set forth in the Epiq Agreement. Under the Epiq Agreement, Epiq will perform the services listed in the Epiq Agreement, if necessary, as the administrative advisor, at the request of the Debtors. Such services (the "**327 Services**") include, but are not limited to:

    (a)  Gathering data in conjunction with the preparation, and assisting with the preparation, of the Debtors' Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs;

    (b)  Assisting the Debtors in managing claims reconciliation and objection process, flag for review by the Debtors those proofs of claim subject to possible procedural objections, those that are inconsistent with the Schedules, and those that supersede scheduled liabilities, input the Debtors' objection determination in the claims database, and prepare exhibits for the Debtors' omnibus claims objections;

    (c)  Providing balloting and solicitation services to the Debtors in furtherance of confirmation of a plan or plans of reorganization including assisting in the production of solicitation materials, tabulating creditor ballots on a daily basis, preparing voting results reports, drafting certification of voting results, and providing court testimony with respect to balloting, solicitation, and tabulation matters;

    (d)  Providing the Debtors with consulting and computer software support regarding the reporting and information management requirements of the bankruptcy administration process as it relates to its 327 Services;

    (e)  Educating and training the Debtors in the use of support software and provide Epiq's Standard Reports as well as consulting and programming support for Debtor-requested reports, program

---

[2] Because of the voluminous nature of the orders cited herein, they are not attached to the Section 327 Application. Copies of these orders are available from proposed counsel to the Debtors upon request.

modifications, database modification, and /or other features in accordance with the Epiq Agreement;

(f) Providing a confidential data room;

(g) Managing any distributions pursuant to a confirmed plan of reorganization; and

(h) Providing such other balloting and administrative services as may be requested from time to time by the Debtors in accordance with the Epiq Agreement and that are not otherwise allowed under the order approving the Section 156(c) Application.

## COMPENSATION

8. Epiq intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the services it provides pursuant to the Section 327 Application as administrative advisor in the Chapter 11 Cases, subject to Court approval and in accordance with Section 328 and other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines established by the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and further orders of the Court. Under the Epiq Agreement, the Debtors paid Epiq a retainer of $15,000 (the "**Retainer**"). The Retainer will be held first as security for the services to be rendered under the Section 156(c) Application, with any remaining amount to be available as security for the services to be rendered under the Section 327 Application.

9. The Debtors propose to retain Epiq at the rates set forth on the fee schedule appended to the Epiq Agreement. The Debtors understand that such rates are competitive and comparable to the rates charged by Epiq's competitors for similar services. The Debtors further recognize that if any dispute arises between Epiq and the Debtors with respect to fees and expenses, such dispute will be presented to the Court for resolution.

10. The Debtors propose to compensate Epiq on substantially the terms and conditions set forth in the Epiq Agreement; provided that Epiq shall apply to the Court for allowances of compensation for services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and future orders of the Court.

11. As part of the overall compensation payable to Epiq under the terms of the Epiq Agreement, the Debtors have agreed to certain limitations of liability and indemnification obligations as described in section 7 of the Epiq Agreement. Both the Debtors and Epiq believe that such provisions are customary and reasonable for noticing and claims agents in chapter 11 cases.

## DISINTERESTEDNESS

12. To the best of the Debtors' knowledge, and except as disclosed in the Epiq Declaration, the members and employees of Epiq do not have any adverse connection with the Debtors, the Debtors' creditors or any other party-in-interest or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee.

13. To the best of the Debtors' knowledge, Epiq is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, in that its members and employees:

> (a) are not creditors, equity security holders or insiders of the Debtors;
>
> (b) are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and
>
> (c) do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. Epiq will conduct an ongoing review of its files to ensure that no conflict or other disqualifying circumstances exist or arise. If any new facts are discovered, Epiq will supplement its disclosure to the Court.

## BASIS FOR RELIEF

15. In light of the size and complexity of the Chapter 11 Cases, the Debtors seek an order appointing Epiq as the administrative advisor pursuant to Sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, to assist in managing the administrative tasks in anticipation of the thousands of creditors, equity security holders and other parties-in-interest that will be involved in the Chapter 11 Cases.

16. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

18. Local Rule 2014-1 further requires that an entity seeking to employ a professional under Section 327 of the Bankruptcy Code must file:

> [A] supporting affidavit or verified statement of the professional person and a proposed order for approval. Promptly after learning of any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

Del. Bankr. L.R. 2014-1(a).

19. The Debtors respectfully submit that the Section 327 Application satisfies the requirements of Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 in all respects. For all of the foregoing reasons, the Debtors believe that the retention of Epiq as administrative advisor is appropriate and in the best interests of the Debtors, their estates and creditors.

## NOTICE

20. Notice of this Application will be given to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' postpetition secured lenders, (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement, (d) counsel to Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement, (e) counsel to International Paper Company, (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested in the Section 327 Application and such other and further relief as may be just and proper.

Dated: June 12, 2013  
Wilmington, Delaware

NE Opco, Inc. and NEV Credit Holdings, Inc.  
Debtors and Debtors in Possession

/s/ Brian Zollinger  
Brian Zollinger

Vice President, General Counsel and Secretary