IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                    :    Chapter 11
                                                          :
NE OPCO, INC., et al.,                                    :    Case No. 13-11483 (CSS)
                                                          :
                        Debtors.[1]                       :    Jointly Administered
------------------------------------------------------------ x

**DEBTORS' APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a), 328 AND 1107 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE BANKRUPTCY RULES AUTHORIZING THE RETENTION OF PRICEWATERHOUSECOOPERS LLP AS FINANCIAL ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND MODIFYING CERTAIN REQUIREMENTS UNDER LOCAL RULE 2016-2**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby submit this application (the "**Application**") for entry of an order, pursuant to Sections 327(a), 328 and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of PricewaterhouseCoopers LLP ("**PwC**") as financial advisor to the Debtors *nunc pro tunc* to the Petition Date (as defined below) and granting relief under and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). The Debtors seek to employ PwC pursuant to the terms of that certain engagement letter, dated May 14, 2013, between PwC and the Debtors (the "**Engagement Letter**"), a copy of which is attached hereto as Exhibit B. In support of this Application, the Debtors rely on the Declaration of Perry M. Mandarino (the "**Mandarino Declaration**"), a copy of which is attached hereto as Exhibit A.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

## JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Sections 327(a), 328 and 1107 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2016-2.

## BACKGROUND[2]

3.      On June 10, 2013 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

## RELIEF REQUESTED

4.      By this Application, the Debtors request that the Court enter an order pursuant to Sections 327(a), 328 and 1107 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2016-2 authorizing the Debtors to employ and retain PwC as financial advisor to the Debtors *nunc pro tunc* to the Petition Date.

## QUALIFICATIONS OF PWC

5.      The Debtors chose PwC to serve as their financial advisor, in part, because of PwC's substantial expertise in providing financial advisory services to companies in financial

---

[2]      Additional information regarding the Debtors' business and the background relating to events leading up to the Chapter 11 Cases can be found in the *Declaration of James Pinto in Support of Chapter 11 Petitions and First Day Motions* [D.I. 3].

distress. In addition, prior to the Petition Date, PwC provided advisory services to the Debtors in relation to obtaining financing, marketing the Debtors' assets to potential purchasers, and preparing for the commencement of the Chapter 11 Cases. Accordingly, the Debtors believe that PwC is well-qualified to perform all services contemplated by the Engagement Letter, and to represent the Debtors' interests in the Chapter 11 Cases.

6.    PwC has acted as financial advisor in both in-court and out-of-court restructurings of companies of various sizes across a wide array of industries. PwC's clients include debtors, creditors, corporate parents, financial sponsors and indenture trustees. Of relevance to the Debtors' circumstances, PwC has considerable experience providing financial advisory services to businesses in a Chapter 11 environment, and has been employed in numerous Chapter 11 cases within this district, including: In re AbitibiBowater Inc., Case No. 09-11296 (KJC); In re Aleris International, Inc., Case No. 09-10478 (BLS); In re Appleseed's Intermediate Holdings LLC, Case No. 11-10160 (KG); In re Autobacs Strauss, Inc., Case No. 09-10358 (CSS); In re Buffets Holding, Inc., Case No. 08-10141 (MFW); In re Filene's Basement, Inc., Case No. 09-11525 (MFW); In re Filene's Basement, LLC, Case No. 11-13511 (KJC); In re Foamex International Inc., Case No. 09-10560 (KJC); In re Food Processing Liquidation Holdings, LLC, Case No. 11-13139 (KG); In re Handy Hardware Wholesale, Inc., Case No. 13-10060 (MFW); In re HUB Holding Corp., Case No. 09-11770 (PJW); In re Local Insight Media Holdings, Inc., Case No. 10-13677 (KG); In re Muzak Holdings LLC, Case No. 09-10422 (KJC); In re OTC Holdings Corporation, Case No. 10-12636 (BLS); In re Orleans Homebuilders, Inc, Case No. 10-10684 (PJW); In re Overseas Shipholding Group, Inc., Case No. 12-20000 (PJW); In re Ritz Camera & Image, L.L.C., Case No. 12-11868 (KG); In re Sea Containers Ltd., Case No. 06-11156 (KJC); In re Smurfit-Stone Container Corp., Case No. 09-10235 (BLS); In re Townsends,

3

Inc., Case No. 10-14092 (CSS); In re Tribune Co., Case No. 08-13141 (KJC); In re Trico Marine Services, Inc., Case No. 10-12653 (BLS); In re Urban Brands, Inc., Case No. 10-13005 (KJC); In re Visteon Corp., Case No. 09-11786 (CSS); In re Washington Mutual, Inc., Case No. 08-12229 (MFW).

7.     To the best of the Debtors' knowledge, information and belief, and based upon the Mandarino Declaration: (a) PwC does not hold an interest adverse to the Debtors related to any of the matters for which PwC is to be retained; and (b) PwC has no connection to the Debtors, their creditors, shareholders or related parties except as disclosed in the Mandarino Declaration.

8.     To the extent that PwC discovers any facts during the course of its retention that could impact the truthfulness of the statements made herein or in the Mandarino Declaration, PwC will supplement the information contained in the Mandarino Declaration.

9.     In view of PwC's experience, the Debtors' retention of PwC is necessary to enable the Debtors to execute faithfully their duties as debtors-in-possession and to confront issues that may arise in the context of the Chapter 11 Cases in an efficient and timely manner. The Debtors believe that PwC is well qualified to serve in the Chapter 11 Cases and that the retention of PwC is in the best interest of the Debtors' estates and their creditors.

## SERVICES TO BE PROVIDED

10.     Pursuant to the terms of the Engagement Letter, PwC has agreed to act as financial advisor to the Debtors. As financial advisor, PwC will assist the Debtors in discussions with their various creditors, lenders, and investors, as the case may be, and will assist in the continued marketing and sale of the Debtors' assets. At the Debtors' request, PwC, in its

4

capacity as financial advisor, will advise and assist the Debtors' management with the following services:

(a)    Reviewing cash flow projections and business restructuring plans, including related financial forecasts and sensitivity analyses relating to Debtors' forecasts and assumptions.

(b)    Identifying and implementing both short-term and long-term liquidity generating initiatives.

(c)    Advising the Debtors in connection with its negotiations with:

(i)    Lenders regarding the potential refinancing / restructuring of existing debt,

(ii)    Key vendors regarding post-petition shipments and critical vendor payments and assistance in the preparation thereof.

(d)    Performing financial analysis of facts relating to pre-petition asset transfers and transactions.

(e)    Participating as an advisor to Debtors in meetings with Debtors' creditors, creditor groups, official constituencies and other interested parties, as necessary.

(f)    Assisting with financial reporting required by the Office of the United States Trustee and under the Bankruptcy Code.

(g)    Advising and assisting with respect to the potential tax implications of contemplated restructuring plans.

(h)    Advising and analyzing any proposed asset sales and other proposed transactions in which Debtors seek Court approval, including:

(i)    Developing a teaser and a management presentation describing the Debtors and the opportunities that the Debtors may provide to prospective acquirers.

(ii)    Developing a potential buyers list.

(iii)    Assisting with preparation for and coordination of due diligence visits by potential buyers.

(iv)    Assisting the Debtors in their evaluation of indications of interest and the negotiation of asset purchase agreements /stalking horse bids/ bidding procedures.

(v)    Testifying in Debtors' Chapter 11 cases based on PwC's direct knowledge of the estate arising from or relating to the services performed.

(vi)    Assisting the Company in its preparation for meetings with the Company's existing lenders, creditor groups.

(i)    Participating in hearings before the Bankruptcy Court and provide relevant testimony with respect to the matters described herein and arising in connection with any Transaction(s).

(j)    Assisting with the sale of the Debtors' assets under Section 363 of the Bankruptcy Code, and as appropriate, coordination with the Debtors' other advisors.

11.    To the extent the Debtors request that PwC perform additional services not contemplated by the Engagement Letter or directly related to services detailed in the Engagement Letter, the Debtors shall seek further application for an order of approval by the Court for any such additional services, and such application shall set forth, in additional to the additional services to be performed, the additional fees sought to be paid.

## TERMS OF RETENTION

12.    The terms of PwC's proposed compensation are fully set forth in the Engagement Letter, and the Debtors respectfully refer this Court to the Engagement Letter for a full recitation of such terms.

13.    In connection with its retention for pre-petition services and pursuant to the terms of the Engagement Letter, PwC received payment of $400,000 as payment for fees and expenses incurred or expected to be incurred under the performance of the Engagement Letter.  As of the Petition Date, PwC anticipates approximately $5,000 - $10,000 was unpaid but PwC will waive any rights of collection against these services.  In addition, PwC holds a prepetition unsecured claim in the amount of approximately $30,000 relating to unpaid invoices for prepetition auditing

services provided by PwC to the Debtors separate from PwC's performance of services under the Engagement Letter, which PwC shall also waive.

14.     PwC seeks the Court's approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by PwC upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the District of Delaware.  As compensation for the financial advisory services to be rendered, PwC requests the following payment amounts pursuant to the Engagement Letter:

> a)  Fees and Expenses: Fees and expenses for services will be based on the following agreed upon hourly rates, which will be revised from time to time.  Adjusted rates will be reflected in billings.  The currently hourly rates are:

| Professional Level | Range |
| --- | --- |
| Partners/Principal | $700-$800 |
| Director/Senior Manager | $500-$600 |
| Manager | $400-$500 |
| Senior Associate | $300-$400 |
| Associate | $200-$300 |
| Para-professional Staff | $110-$150 |

> b)  Expenses.  PwC will also bill the Debtors for reasonable out-of-pocket expenses, use or value added tax, as applicable, and internal per-ticket charges for booking travel.

15.     PwC's hourly rates are subject to periodic adjustment from time to time in accordance with PwC's established billing practices and procedures.  PwC will provide notice of any changes to its hourly rates within ten business days thereof to the U.S.  Trustee and any statutory committee appointed in these cases and file such notice with this Court.

16.     Pursuant to Local Rule 2016-2(d), in a motion for compensation and reimbursements of expenses, activities must be billed in tenths of an hour.  It is not the general practice of PwC employees, however, to keep records in such increments.  PwC's customary

practice is to provide a detailed description of the services rendered and the amount of time spent on each date in half-hour increments.    The Debtors believe that PwC's customary practice with respect to time descriptions will still provide this Court with the ability to appropriately review and evaluate the services provided by PwC.    Furthermore, because it would be more efficient for PwC to continue in its customary time-keeping practices, the Debtors respectfully seek a waiver of Local Rule 2016-2(d) to permit PwC to submit its time records in half-hour increments.

      17.     PwC has agreed not to share with any person or firm the compensation to be paid for services rendered in connection with these Chapter 11 Cases.

      18.     The PwC professionals providing services to the Debtors will consult with internal PwC bankruptcy retention and billing advisors to ensure compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, guidelines established by the United States Trustee and any other applicable procedures and orders of the Court, as well as to decrease the overall fees associated with the administrative aspects of PwC's engagement.  The services provided by these bankruptcy retention and billing advisors shall include, but are not limited to: (a) assistance with preparation of the bankruptcy retention documents; (b) assistance with the disinterestedness disclosures; and (c) preparation of monthly fee statements and interim and final fee applications.  Given the specialized nature of these services, specific billing rates exist for these PwC bankruptcy retention and billing advisors. [3]

---

[3]     The rate per hour for these PwC bankruptcy retention and billing advisors by level of experience will be as follows: Director: $550; Senior Associate: $290; Associate: $225 and Paraprofessional: $150.  These rates also are subject to periodic adjustments.

RLF1 8733520v.2

## NOTICE

19.     No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases.  Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' postpetition DIP lenders, (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement, (d) counsel to Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement, (e) counsel to International Paper Company, (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors, and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no other or further notice need be provided.

Respectfully submitted this 12th day of June, 2013.

NE OPCO, INC. AND ITS RELATED
ENTITIES, DEBTORS AND DEBTORS-IN-
POSSESSION

Brian Zollinger
Vice President, General Counsel & Secretary