**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
NE OPCO, INC., et al.,                              :    Case No. 13-11483 (CSS)
                                                    :
            Debtors.[1]                             :    Jointly Administered
                                                    :
                                                    :    **Objection Deadline: June 26, 2013 at 12:00 p.m. (EDT)**
                                                    :    **Hearing Date:  July 1, 2013 at 10:00 a.m. (EDT)**
---------------------------------------------------------- x

**DEBTORS' MOTION FOR AUTHORITY PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2016(a), AND LOCAL RULE 2016-2 TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these proceedings and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. Pursuant to Del. Bankr. L.R. 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

RLF1 8744596v.2

2. The statutory bases for the relief requested herein are Sections 105(a) and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

**Background**

3. On June 10, 2013 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under Chapter 11 of the Bankruptcy Code, thereby commencing these Chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors continue to manage and operate their businesses as debtors in possession under Sections 1107 and 1108 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of James Pinto in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 3] filed with the Court on the Petition Date.

4. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. By separate applications, the Debtors will be seeking authority to employ and retain Richards, Layton & Finger, P.A., as bankruptcy counsel, and PricewaterhouseCoopers LLP, as financial advisors, in these Chapter 11 Cases. The Debtors may need to retain additional professionals in connection with the continued prosecution of these Chapter 11 Cases. In addition, if a statutory committee of unsecured creditors (a "**Committee**") is appointed in these

2

Chapter 11 Cases pursuant to Section 1102 of the Bankruptcy Code, the Committee will likely retain counsel to represent it in these Chapter 11 Cases.

## Relief Requested

6.      Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, the Debtors request (a) authorization to establish an orderly and regular process for allowance and payment of interim compensation and reimbursement of expenses for attorneys and other retained professionals (each, a "**Professional**," and collectively, the "**Professionals**") whose services are authorized by this Court pursuant to Sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code, and (b) approval of procedures for reimbursement of reasonable out-of-pocket expenses incurred by members of any Committee appointed in these cases.

## Request for Establishment of Interim
## Compensation and Expense Reimbursement Procedures

7.      Section 330 of the Bankruptcy Code provides that "the court may award . . . a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered . . . and, (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Bankruptcy Rule 2016(a) provides that any application seeking such compensation or reimbursement shall set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

8.      In the Court's review of any such application, Section 330 of the Bankruptcy Code provides as follows:

3

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

9. To streamline the professional compensation process and enable the Court and all other parties to more effectively monitor the professional fees incurred in these Chapter 11 Cases, the Debtors request that the Court implement the following procedures (the "**Compensation Procedures**"), which substantially conform with the requirements of Local Rule 2016-2:

**Monthly Fee Applications**

a. Each Professional may file a monthly application (a "**Monthly Fee Application**") for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months.

b. In connection with the Monthly Fee Application of any counsel to a Committee (if any), each member of any such Committee may submit statements of expenses (excluding third-party counsel expenses of

4

       individual Committee members) with supporting documentation to the Committee's counsel, which shall, in turn, submit the statements with supporting documentation for reimbursement with its Monthly Fee Application.

c. The first Monthly Fee Application shall include at least the period from the Petition Date to the end of the first full month after the commencement of these Chapter 11 Cases (*i.e.*, June 10, 2013 through and including July 31, 2013).

d. On or after the 20th day of the month following the month for which compensation is sought, each Professional shall file with the Court and serve, via first class mail, its Monthly Fee Applications upon each of the following parties (collectively, the "**Notice Parties**"):

    (i) NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034, Attn: Brian Zollinger, the Debtors;

    (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Michael J. Merchant and Paul N. Heath, counsel for the Debtors;

    (iii) The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Ben Hackman; and

    (iv) counsel to the Committee (if any).

e. Any Professional or Committee member that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable Third Circuit law.

f. The deadline to object to any Monthly Fee Application is **4:00 p.m. (prevailing Eastern Time)** on the **20th day** (or the next business day if such day is not a business day) following service of the Monthly Fee Application (the "**Objection Deadline**").

g. To object to a Professional's Monthly Fee Application, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Professional and the Notice Parties such that each party receives the objection on or before the Objection Deadline.

h. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any

5

portion of the fees and expenses not subject to objection. After a Professional files a CNO, the Debtors shall pay the Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

i. If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an objection and the parties are unable to reach a consensual resolution, the Professional may (i) request the Court approve of the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any outstanding objections.

**Interim Fee Applications**

a. Periodically, each of the Professionals may file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications filed during the preceding interim period (the "**Interim Fee Period**") including any holdbacks. The initial Interim Fee Period shall include the period from the Petition Date to the end of the first full three months following the commencement of these Chapter 11 Cases (*i.e.*, from June 10, 2013 through September 30, 2013). Thereafter, Interim Fee Periods shall be every three months after the initial Interim Fee Period.

b. Professionals shall file their Interim Fee Applications on or before the 45th day following the end of each Interim Fee Period.

c. The Interim Fee Application shall substantially conform to **Exhibit 1** attached to the Proposed Order and to Local Forms 101 and 102, and shall include a brief description identifying the following:

(A) the Monthly Fee Applications that are the subject of the request;

(B) the amount of fees and expenses requested;

(C) the amount of fees and expenses paid to date or subject to an objection;

(D) the deadline for parties to file objections to the Interim Fee Application; and

(E) any other information requested by the Court or required by the Local Rules.

d. Each Professional shall serve, via first class mail, its Interim Fee Application and final fee application upon the Notice Parties. Each

6

       Professional shall serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  No further notice is necessary.

  e. The Debtors shall request a hearing on the pending Interim Fee Applications at least every six (6) months.  The Debtors, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate.  The Debtors shall serve notice of any such hearing upon (i) the Notice Parties and (ii) all parties that requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  No further notice is necessary.

  f. If no objections are pending, the Court may grant an Interim Fee Application without a hearing.

  g. A pending objection to compensation or reimbursement of any Professional does not disqualify a Professional from future compensation or reimbursement.

  h. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted shall not receive further interim compensation or reimbursement until the Professional submits any outstanding Monthly Fee Applications or Interim Fee Applications.  There are no other penalties for failing to file a Monthly Fee Application or Interim Fee Application.

  i. Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred.  All fees and expenses paid to Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

  j. The Debtors will include all payments made to Professionals in accordance with these Compensation Procedures in their monthly operating report and identify the amount paid to each of the Professionals.

10.     The foregoing proposed Compensation Procedures will enable the Debtors to closely monitor the costs of administering these Chapter 11 Cases, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, these Compensation

7

RLF1 8744596v.2

Procedures will also allow the Court and the key parties in interest to insure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

### Basis for the Relief Requested

11.   Section 331 of the Bankruptcy Code provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.   Absent an order of the Court, Section 331 of the Bankruptcy Code limits Professionals rendering services in these Chapter 11 Cases to payment of fees and expenses only three times per year.

12.   Moreover, the implementation of the proposed Compensation Procedures is justified in these cases.  The Debtors' Chapter 11 Cases present a number of complex issues that, together with the day-to-day administration of these Chapter 11 Cases, must be addressed by the Debtors' limited staff and resources.  In addition, it is anticipated that several Professionals will be involved in these cases.  Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on the Debtors, the Professionals, the Court, and other parties.  By contrast, under the proposed Compensation Procedures, the mechanism for payment of Professionals' fees will be simplified and will avoid unnecessary Court involvement.  For example, these procedures will avoid the need for the Court to review Monthly Fee Applications before payments can be made to Professionals.

8

13. In sum, the proposed Compensation Procedures will (a) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to monitor more closely the costs of administering these cases, (c) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtors' Chapter 11 Cases, and (d) permit the Debtors to better predict and manage their monthly cash needs.

14. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors and that the Motion should be granted in all respects.

## Notice

15. No trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured lenders; (c) counsel to the Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement; (d) counsel to the Galactic Holdings, LLC, as agent under the Second Lien Credit Agreement; (e) counsel to International Paper Company; (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice of this Motion is required.

## No Previous Request

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: June 12, 2013<br>      Wilmington, Delaware | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Tyler D. Semmelman*<br>Mark D. Collins (No. 2981)<br>John H. Knight (No. 3848)<br>Michael J. Merchant (No. 3854)<br>Paul N. Heath (No. 3704)<br>Tyler D. Semmelman (No. 5386)<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-651-7700<br>Facsimile: 302-651-7701<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |

RLF1 8744596v.2