**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x

In re:                                                    :    Chapter 11
                                                          :
NE OPCO, INC., <u>et al.</u>,                              :    Case No. 13-11483 (CSS)
                                                          :
          Debtors.[1]                                     :    Jointly Administered
                                                          :
                                                          :    **Re: Docket Nos. 9 & 36**
                                                          :
                                                          :    **Hearing Date:  July 1, 2013 at 10:00 a.m. (EDT)**
------------------------------------------------------------ x

**SUPPLEMENT TO MOTION OF DEBTORS FOR ORDER UNDER
11 U.S.C. §§ 105(a), 363(b), 363(c), 507(a), 541, 1107(a) AND 1108 AND
FED. R. BANKR. P. 6003 (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION
WORKFORCE OBLIGATIONS, INCLUDING COMPENSATION, BENEFITS,
EXPENSE REIMBURSEMENTS AND RELATED OBLIGATIONS, (II) CONFIRMING
RIGHT TO CONTINUE WORKFORCE PROGRAMS ON POSTPETITION BASIS,
(III) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED
TAXES, (IV) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO
ADMINISTRATORS OF, OR THIRD PARTY PROVIDERS UNDER, WORKFORCE
PROGRAMS AND (V) DIRECTING BANKS TO HONOR PREPETITION CHECKS
<u>AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS</u>**

The debtors and debtors-in-possession in the above-captioned cases (collectively,

the "**Debtors**") file this supplement (the "**Supplement**") to the *Motion of Debtors for Order*

*Under Fed. R. Bankr. P. 6003 (I) Authorizing Payment of Certain Prepetition Workforce*

*Obligations, Including Compensation, Benefits, Expense Reimbursements and Related*

*Obligations, (II) Confirming Right to Continue Workforce Programs on Postpetition Basis, (III)*

*Authorizing Payment of Withholding and Payroll-Related Taxes, (IV) Authorizing Payment of*

*Prepetition Claims Owing to Administrators of, or Third Party Providers Under, Workforce*

*Programs and (V) Directing Banks to Honor Prepetition Checks and Fund Transfers for*

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596).  The above-captioned
Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

*Authorized Payments* [Docket No. 9] (the "**Employee Obligations Motion**"),[2] and respectfully

represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider the Employee Obligations Motion

and this Supplement under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under

28 U.S.C. § 157(b).  Venue of these cases and this matter in this district is proper under 28

U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in Employee

Obligations Motion, as supplemented by this Supplement, are Sections 105(a), 363(b), 363(c),

507(a), 541, 1107(a) and 1108 of the Bankruptcy Code.

## BACKGROUND

2.      On June 10, 2013 (the "**Petition Date**"), the Debtors filed voluntary

petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code

(the "**Chapter 11 Cases**").  The factual background regarding the Debtors, including their

business operations, their capital and debt structures and the events leading to the filing of the

Chapter 11 Cases is set forth in the *Declaration of James Pinto in Support of Chapter 11*

*Petitions and First Day Motions* and fully incorporated herein by reference.

3.      The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or

examiner has been requested in the Chapter 11 Cases, and no committee has yet been appointed.

4.      On the Petition Date, the Debtors filed the Employee Obligations Motion

requesting entry of interim and final orders (i) authorizing the Debtors to pay certain prepetition

---

[2]      Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in
the Employee Obligations Motion.

RLF1 8789832v.2

amounts owing to or for the benefit of current employees, temporary employees and independent contractors, and for benefits and reimbursable expenses owed to or for the benefit of current employees; (ii) confirming the Debtors' right to continue postpetition, in the ordinary course of business, the employee-related plans, programs and policies in effect immediately prior to the filing of these cases; (iii) authorizing the Debtors to pay any and all local, state and federal withholding and payroll-related or similar taxes relating to prepetition periods; (iv) confirming the Debtors' right to continue to deduct and to transmit deductions from payroll checks as authorized by employees, as required under any employee-related plan, program or policy or as required by law; (v) authorizing the Debtors to pay any prepetition claims owing to the administrators of, or third party providers under, their employee-related plans, programs and policies as necessary to ensure the delivery of compensation, benefits and expense reimbursements to their employees; and (vi) authorizing all banks to receive, process, honor and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid pursuant hereto.

5.      On June 11, 2013, this Court entered an interim order [Docket No. 36] authorizing certain of the relief requested in the Employee Obligations Motion on an interim basis.  A final hearing on the Employee Obligations Motion has been noticed for July 1, 2013 at 10:00 a.m. (EDT).

6.      The Employee Obligations Motion inadvertently failed to request authority to pay certain amounts due and owing as of the Petition Date to Dominick J. Schiano (the "**Director**"), an independent director of NE Opco, Inc., pursuant to that certain Director Services Agreement dated January 1, 2013 (the "**DSA**").  Pursuant to the DSA, Mr. Schiano is to be paid $12,500 per fiscal quarter for his services as an independent director, with such amount

RLF1 8789832v.2

to be paid in arrears at the conclusion of each quarter.  The total pre-petition amount due and owing to the Director pursuant to the DSA is approximately \$9,761 as of the Petition Date.[3] Such compensation was approved by the Board of Directors of NE Opco, Inc. prior to the Petition Date.

7.      The Debtors did not specifically seek authority to pay the pre-petition amount payable to the Director in the Employee Obligations Motion, but submit that payment of such amount is appropriate and necessary for the reasons set forth below.  The Debtors respectfully submit that payment of such amount is appropriate and should be authorized by any order of this Court approving the Employee Obligations Motion on a final basis.

### RELIEF REQUESTED AND BASIS THEREFOR

8.      By this Supplement the Debtors seek authority to compensate the Director for pre-petition amounts owed pursuant to the DSA.

9.      The continued service of the Director is critical to the Debtors' efforts to maximize value during these Chapter 11 Cases.  The Director played an active role in the governance of the Debtors during the period prior to the Petition Date and his services are necessary to the Debtors' continued viability during these Chapter 11 Cases.  Mr. Schiano is one of the Debtors' independent board members.  Moreover, his wealth of experience in dealing with both business operational and management issues will provide valuable guidance in navigating these Chapter 11 Cases and the ultimate sale of the Debtors' assets.  Moreover, the Debtors

---

[3]      Pursuant to the DSA, the Director is entitled to an annual fee of \$50,000 payable in equal quarterly installments of \$12,500.  The Director was paid the quarterly fee for Q1 2013, but has not been paid any amount for Q2 2013.  The pro rata portion of this quarterly fee for Q2 2013 that is attributable to the pre-petition period from April 1, 2013 through the Petition Date is approximately \$9,761.  The Debtors submit that the remainder of the quarterly fee for Q2 2013 (the pro rata portion attributable to the post-petition period from the Petition Date through June 30, 2013) is payable in the ordinary course of business, as the Director continues to provide services to the Debtors post-petition.

RLF1 8789832v.2

believe that the relatively minimal amount due to the Director is greatly outweighed by the value of the Director's services to the Debtors in both the pre- and post-petition periods.

10.      As set forth in the Employee Obligations Motion, this Court has authority to authorize such payments under Section 363(b) of the Bankruptcy Code if the Debtors articulate a valid business judgment for the requested use.  See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  The Debtors, in their business judgment, believe that making the payment to the Director is in the best interests of the Debtors' estates given the important services being performed by the Director during these Chapter 11 Cases.  The Debtors believe that making such payments is consistent with the Debtors' duty "to protect and preserve the estate, including an operating business's going-concern value."  In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Finally, the Debtors believe that making such payment to the Director is proper under Bankruptcy Code Section 105, which permits this Court to "issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

**NOTICE**

11.      Notice of this Supplement will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured lenders; (c) counsel to Wells Fargo Capital Finance, LLC, as agent under the First Lien Credit Agreement; (d) counsel to Galactic Holdings, LLC as agent under the Second Lien Credit Agreement; (e) counsel to International Paper Company; (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

RLF1 8789832v.2

6

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested in this Supplement in connection with any order approving the Employee Obligations Motion on a final basis.

Dated: June 20, 2013                    RICHARDS, LAYTON & FINGER, P.A.
      Wilmington, Delaware

/s/ *Tyler D. Semmelman*
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Michael J. Merchant (No. 3854)
Paul N. Heath (No. 3704)
Tyler D. Semmelman (No. 5386)
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701

*Proposed Counsel for Debtors and Debtors in Possession*

6