IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NE OPCO, INC., et al. | Case No.: 13-11483 (CSS) |
| Debtors. | Jointly Administered |
| | Re: Dkt. No. 157 |

**OBJECTION BY FC MEYER PACKAGING LLC TO MOTION OF DEBTORS PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 TO APPROVE SETTLEMENT AMONG DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE DIP AGENT, INTERNATIONAL PAPER AND GALACTIC HOLDINGS, LLC**

FC Meyer Packaging LLC ("FC Meyer"), a claimant holding a §503(b)(9) administrative expense claim against the Debtors and their estates, hereby files this Objection to the Motion of Debtors Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 to Approve Settlement Among the Debtors, the Official Committee of Unsecured Creditors, the DIP Agent, International Paper Company and Galactic Holdings, LLC (the "Motion") and the related Summary of Settlement Terms (the "Settlement"), and respectfully states as follows:

**Preliminary Statement**

1.    FC Meyer is a prepetition creditor of the Debtors, including with respect to goods actually physically received by the Debtors in the 20 day period prior to the Petition Date. Accordingly, FC Meyer is entitled to an administrative expense claim under §503(b)(9) of the Bankruptcy Code for payment of goods it provided to the Debtors.

2.    The proposed Settlement purports to adversely and permanently affect the rights and claim of FC Meyer as the holder of a §503(b)(9) claim.  Although settlements are a preferred tool to resolve controversies, they cannot be used to circumvent the claim priorities set forth in the Bankruptcy Code and the due process that is involved in promulgating and confirming a plan.

{00011586. }

If the Settlement is approved, the rights of §503(b)(9) claimants will be fixed on one week's notice and before the Debtors file their Schedules of Assets and Liabilities, their Statement of Financial Affairs, and their Disclosure Statement and accompanying Plan. The Motion is bereft of any meaningful disclosure; e.g., International Paper is owed in excess of $20 million and is being released under the Settlement; did it ever receive an avoidable transfer? The proposed releases include the Debtors' *former* officers; are there any claims against any of them? What contribution have they made to this reorganization effort in consideration of the proposed release?

### Objection to Motion/Settlement

3. FC Meyer objects to the Motion/Settlement on the following grounds:

4. Section 503(b)(9) claims are entitled to the same administrative priority as the claims of the post-petition going forward administrative claimants. *See In re Plastech Engineering*, 394 B.R. 147 (Bankr. E.D. Mich. 2008) (rejecting application of section 502(d) to section 503(b)(9) claims and concluding that section 503(b)(9) claims should be treated like any other administrative claim). Because the proposed Settlement does not provide for their same treatment of claims entitled to the same priority, the proposed Settlement is neither fair nor equitable.

5. Fairness and equity require that claims with the same priority be treated the same way. Going forward administrative claims are in the Budget; §503(b)(9) claims are not. The DIP Lenders have authorized the Debtors to pay the going forward administrative claims. The DIP Lenders have prohibited the Debtors from paying the §503(b)(9) claims by the definitional scheme employed in the DIP Loan Documents; i.e. §503(b)(9) claims constitute "Pre-Petition Indebtedness" that cannot be paid. *See* Debtor-In-Possession Credit Agreement at § 1.01 (Pre-

2

Petition Indebtedness is "Indebtedness of any [Debtor] that was incurred or accrued prior to the commencement of the Chapter 11 Case.") ("Indebtedness . . . (d) all obligations of such Person to pay the deferred purchase price of property or services (other than trade accounts payable in the ordinary course of business and, in each case, not past due for more than sixty (60) days after the date on which such trade account payable was created."); § 7.19 (Debtors cannot pay any Pre-Petition Indebtedness without prior written consent of Lender and Bankruptcy Court approval); §§ 8.01(b) and (f)(vii) ("Event of Default" includes paying 503(b)(9) claims without Lender's consent).

6. The practical realities of a chapter 11 case cannot be used to trump FC Meyer's rights under the Bankruptcy Code. Section 503(b)(9) applies equally in administratively solvent and insolvent cases. Although under the Bankruptcy Code §503(b)(9) claims are entitled to the same priority as §503(b) claims, the authors of the Settlement have sought to re-write and demote that priority. According to the Settlement, the holders of section 503(b)(9) claims are entitled only to receive: (i) some upfront money; (ii) subject to the appetites of professionals to earn fees, their potential "left overs;" i.e., the unused post event of default professional fee carve out and (iii) a sliver of the potential upside if the sale price reaches a certain threshold.

7. The Settlement seeks to dictate a binding treatment for the holders of §503(b)(9) and has all the hallmarks of a *sub rosa* plan. It restructures the debtor-creditor relationship, prescribing which prepetition claims are paid and when and specifically defines and limits the potential source(s) of recovery for those claims. On one week's notice, and with little or no disclosure, the Settlement dictates the material terms of any future chapter 11 plan of liquidation filed in these cases and renders superfluous the need to seek approval of a disclosure statement containing adequate information and confirmation of a plan. The disclosure statement merely

would recite the terms of the Settlement.  Because the Settlement seeks to circumvent the protections afforded by the plan process; i.e., approval of a Disclosure Statement on appropriate notice, classification of claims in accordance with §§ 1122 and 1123; voting on a plan without counting the votes of insiders in accordance with § 1129(a)(10); and meeting the confirmation standards set forth in § 1129(a), the Motion goes far beyond the appropriate boundaries of Rule 9019.  Viewed another way, if the Settlement is approved, what creditors' claims would be left to treat in a plan?  *See In re Louise's, Inc.*, 211 B.R. 798, 802 (D. Del. 1997) ("I find that the Settlement Agreement … would ultimately lead to a proposed plan of reorganization, the terms of which could reasonably be found to have been pre-determined … thereby circumventing a meaningful consideration of the requirements of Chapter 11 regarding confirmation of a reorganization plan."); *In re Braniff Airways, Inc.*, 700 F.2d 935, 940 (5th Cir. 1983) (debtor's estate and its assets cannot be restructured or reallocated without providing all creditors the protections intended by chapter 11); *The Comm. Of Equity Holders v. The Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1062, 1069 (2d Cir. 1983) (agreements that fix the term of a plan based on pre-plan motions without the protections afforded to creditors through the plan process are to be eschewed).

8. Holders of administrative expense priority claims are not entitled to vote on a plan because the Bankruptcy Code dictates their treatment:  payment in full unless another treatment is agreed to.  *See* §1129(a)(9).  Under the Settlement, however, there is no assurance that holders of §503(b)(9) claims will be paid in full and they have not agreed to another treatment.  From the perspective of a §503(b)(9) claimant, the Settlement dictates the treatment of its claim in contravention of §1129(a)(9).  In effect, the Settlement is a plan, and a non-confirmable one at that.  E.g., would this Court confirm a plan that describes the treatment of allowed administrative

4

claims as follows, "[the] Settlement creates the reasonable likelihood for the payment of Section 503(b)(9) claims …." Motion at ¶14.

9.  In order to satisfy the requirement that the Settlement is "fair and equitable," the movants have to demonstrate by a preponderance of evidence that the Settlement satisfies the "*Martin* factors." *See Myers v. Martin* (*In re Martin*), 91 F.3d 389 (3d Cir. 1996).  Because the Motion fails to make adequate disclosure or provide any meaningful analysis, the Settlement cannot be found to be fair and equitable, or reasonable.  In the absence of meaningful public disclosure in the Motion, creditors are left to speculate why the Debtors and their estates are granting the proposed releases and what consideration is being given in exchange for the releases.  The determination whether a settlement is fair and equitable requires the Court to exercise "informed, independent judgment" and not merely rely on the movant's unsupported conclusions.  *See Off. Comm. of Unsec. Creditors of Int'l Distrib. Ctrs., Inc. v. Talcott, Inc. (In re Int'l Distrib. Ctrs., Inc.)*, 103 B.R. 420, 422 (S.D.N.Y. 1989).  Approval of a settlement without sufficient factual foundation will inherently constitute an abuse of discretion.  *U.S. v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F. 2d 293, 299 (5th Cir. 1984).  The bankruptcy court "must be apprised of all relevant information that will enable it to determine what course of action will be in the best interest of the estate" in order to be fully informed.  *See In re Martin*, 91 F.3d at 394; *see also In re Louise's, Inc.*, 211 B.R. at 802 (the bankruptcy court must "appraise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.  Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.") (citing *Protective Comm. for Indep.*

5

*Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1986)).  The Court also should consider the fairness of the settlement to the parties that did not settle. *See Key3Media Group, Inc. v. Pulver.Com, Inc.*, 2006 WL 2842462, at * 2 (D. Del. Oct. 2, 2006).

### Conclusion

**WHEREFORE**, FC Meyer respectfully requests that the Court deny approval of the proposed Settlement and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 18, 2013
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

By: */s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
Scott J. Leonhardt (DE #4885)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone:  (302) 777-1111
rosner@teamrosner.com

PULLMAN & COMLEY LLC
Jessica Grossarth, Esq.
850 Main Street
Box 7006
Bridgeport, CT  06601-7006
jgrossarth@pullcom.com

*Counsel for FC Meyer Packaging LLC*

6

{00011586.}