IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| NE OPCO, INC., *et al.*,[1] | ) Case No. 13-11483 (CSS) |
| Debtors. | ) Jointly Administered |
| | ) Hearing Date: August 23, 2013 at 10:00 a.m. EST |
| | ) Objection Deadline: August 2, 2013 at 4:00 p.m. EST |

**APPLICATION OF OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ORDER, PURSUANT
TO 11 U.S.C. §§ 328, AND 1103, FED. R. BANKR. P. 2014, AND LOCAL
RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND
RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JUNE 21, 2013**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its application (the "Application") for the entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtors' chapter 11 cases (the "Cases"), *nunc pro tunc* to June 21, 2013, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Committee submits the Declaration of Bradford J. Sandler, a partner of the Firm (the "Sandler

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

Declaration"), attached hereto as Exhibit A and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

### Background

4. On June 10, 2013 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

5. On June 21, 2013, the United States Trustee for Region 3 appointed the Committee to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Plastic Suppliers, Inc.; (ii) United Steelworkers; (iii) Precise Rotary Die, Inc.; (iv) Gadge USA Inc.; and (v) R.R. Donnelley & Sons Company. The *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 86] was filed on June 21, 2013.

6. On June 21, 2013, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.

7.  The Firm's retention is requested as of June 21, 2013, as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

8.  The Firm has over 65 attorneys with a practice concentrated on reorganization, bankruptcy, litigation and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including NEC Holdings Corp., Namco, LLC, LCI Holding Company, Inc., Back Yard Burgers, Inc., Contract Research Solutions, Inc., Coach Am Group Holdings Corp., SSI Group Holding Corp., CB Holding Corp. (Charlie Brown's), and Palm Harbor Homes, among others. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

## Relief Requested

9.  By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit B</u>, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its counsel in these Cases. The Committee seeks to retain the Firm *nunc pro tunc* to June 21, 2013 because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and the Firm has been providing services to the Committee since June 21, 2013.

### Services to be Rendered

10. Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a.    Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Cases;

    b.    Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and these Cases;

    c.    Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

    d.    Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

    e.    Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Cases or to the formulation of a plan;

    f.    Assisting, advising and representing the Committee in connection with any sale of the Debtors' assets;

    g.    Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

    h.    Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

    i.    Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

j.  Providing such other services to the Committee as may be necessary in these Cases.

**No Adverse Interest and Disclosure of Connections**

11. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, their creditors or any party-in-interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Sandler Declaration. Therefore, to the best of the Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

12. Other than as set forth in the Sandler Declaration, neither PSZJ nor any of its attorneys has any connection with any party-in-interest, or their attorneys or accountants in these Cases.

13. Except as provided in the Sandler Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, holds or represents any interest adverse to the Committee or the Debtors' estates in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

14. To the best of the Committee's knowledge, and except as disclosed in the Sandler Declaration, PSZJ has had no other prior connection with the Debtors, their creditors or any other party-in-interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtors' estates, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

15. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these Cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

16. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.

### Professional Compensation

17. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The professionals and paralegals presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| (a) | Laura Davis Jones | $975.00 per hour |
| (b) | Robert J. Feinstein | $975.00 per hour |
| (c) | Bradford J. Sandler | $750.00 per hour |
| (d) | Shirley S. Cho | $695.00 per hour |
| (e) | Peter J. Keane | $425.00 per hour |
| (f) | Lynzy McGee | $295.00 per hour |

18. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

19. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines set forth in Local Bankruptcy Rule 2014-1, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

### Notice

20. Notice of this Application has been given to the following parties: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to the Debtors' prepetition and postpetition lenders; and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests entry of an Order substantially in the form attached hereto, authorizing the Committee to employ and retain PSZJ as counsel, *nunc pro tunc* to June 21, 2013, and granting such other and further relief as is just and proper.

Dated: July 18, 2013

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NE OPCO, INC., ET AL.**

_____
R.R. Donnelley & Sons Company
By: Dan Pevonka

Solely in his capacity as Chair of the Official Committee of Unsecured Creditors of NE Opco, Inc., et al.