

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
| NE OPCO, INC., et al., | : Case No. 13-11483 (CSS) |
| Debtors.[1] | : Jointly Administered |
|  | : Re: Docket No. ___ |

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AUTHORIZING AND APPROVING THE SETTLEMENT AMONG THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE DIP AGENT, INTERNATIONAL PAPER COMPANY AND GALACTIC HOLDINGS, LLC

This matter coming before the Court on the *Motion of Debtors Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 to Approve the Settlement Among the Debtors, the Official Committee of Unsecured Creditors, the DIP Agent, International Paper Company and Galactic Holdings, LLC* (the "**Motion**");[2] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (c) notice of this Motion having been provided to the Office of the United States Trustee for the District of Delaware, counsel to the Parties, and all parties who have timely filed requests for notice under Bankruptcy Rule 2002, (d) the proposed settlement is fair and equitable, provides substantial benefits to the Debtors' estates and is well above the lowest point

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

RLF1 8901478v.5

2

in a range of reasonableness, and (e) the proposed settlement was reached with the advice of competent and experienced professionals for the Parties at arms' length; and the Court having determined that due notice of the Motion and hearing has been given and no other or further notice need be given, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement attached hereto as <u>Exhibit 1</u> is authorized and approved.

3. The failure to specifically include any particular provisions of the Settlement in the Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Settlement be authorized and approved in its entirety.

4. The Debtors, their officers, employees and agents, as well as the Committee and its professionals, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

5. Upon entry of this Order, for good and valuable consideration, the Debtors and the Committee shall, and shall be deemed to, forever, completely, and unconditionally release, waive, void, extinguish and discharge Salus, International Paper, The Gores Group, Galactic Holdings, LLC, NEV Parent Holdings, Inc., NEV RE Holdings, Inc., the Debtors' present and/or former directors and officers, and each of the foregoing parties' affiliates, present or former directors, managers, officers, members, equity holders, employees, agents, financial advisors, partners, attorneys, and other professional advisors or representatives from any and all

RLF1 8901478v.5

claims, obligations, rights, suits, judgments, damages, causes of action, demands, counterclaims, remedies, and liabilities of any nature whatsoever, including without limitation any derivative claims, asserted or assertable on behalf of the Debtors or their estates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, arising from or relating to the period prior to the date of the this Order (including prior to the Petition Date) or that may be based, in whole or in part, upon or otherwise relate to, any act, omission or transaction, event or other circumstance taking place, arising or existing on or prior to the date of this Order (including prior to the Petition Date); provided, however, that nothing in this release shall be construed as a release of any obligations of any party under this Order.

6. To the extent there is any inconsistency between this Order and the Settlement attached hereto as <u>Exhibit 1</u>, on the one hand, and the Final DIP Order, on the other hand, this Order and the Settlement attached hereto as <u>Exhibit 1</u> shall control. Notwithstanding the foregoing, the rights of the Prepetition Senior Agent[3] and the Prepetition Senior Secured Creditors under the Final DIP Order shall be unaffected by this Order and all distributions of sale proceeds to the Prepetition Subordinated Secured Creditors and the GUC Trust contemplated under the Settlement shall be subject to the rights of the Prepetition Senior Agent and the Prepetition Senior Secured Creditors under the Final DIP Order.

---

[3] As used in this paragraph the terms "Prepetition Senior Agent", "Prepetition Senior Secured Creditors", and "Prepetition Subordinated Secured Creditors" shall have the meaning ascribed to such terms in the Final DIP Order.

7. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order, and all matters relating to or arising in connection with the Settlement.

Dated: __July 19__, 2013
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE