# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

On June 10, 2013 (the "Petition Date"), NE Opco, Inc. and NEV Credit Holdings, Inc. (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy for the District of Delaware (the "Bankruptcy Court"), thereby commencing the chapter 11 cases (the "Chapter 11 Cases").

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the Debtors have been prepared pursuant to 11 U.S.C. § 521 of the United States Code, Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware by management of the Debtors ( "Management") with the assistance of their court-appointed advisors. The Schedules and Statements are unaudited.

These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. The Schedules and Statements are qualified in their entirety by the Global Notes.

Although Management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was reasonably available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist. Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete.

Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of the Debtors on a non-consolidated basis where possible. Except where otherwise noted, the information provided herein is as of the Petition Date.

Moreover, given the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that either Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.

## Reservation of Rights and Claims Designation

Nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of

chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors and their estates reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules and Statements as to nature, amount, liability, priority, classification or otherwise; and (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated. Any failure to designate a claim on the Debtors' Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated."

## Amendment

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as they deem necessary and/or appropriate.

## Current Market Value - Net Book Value

In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values. Market values may vary, at some times materially, from net book value. Also, assets that have been fully depreciated or that were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

## Foreign Currency

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

## Undetermined Amounts

The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

## Totals

All totals that are included in the Schedules and Statements represent totals of all the known amounts including in the tables. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

## Insiders

For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) relatives of directors or

officers of the Debtors and (d) person in control. Except as otherwise disclosed, payments to insiders listed in (a) through (d) above are set forth on Statement 3C. Persons listed as "insiders" have been included for informational purposes only and are not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, the Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Specific Disclosures with Respect to Debtors' Schedules and Statements**

1. **Schedule B2.** Balance information for the Debtors' bank accounts is as of June 9, 2013. The Debtors reconcile these bank balances to their financial statements at each reportable period.

2. **Schedule B16.** Bad debt reserves for trade accounts receivable equals $2,403,230.48 as of the Petition Date. The Debtors calculate bad debt monthly, as a percentage of total accounts receivable based on historical metrics. In addition, the Debtors review specific accounts and calculate specific reserves based on the age and collection status of the receivable.

3. **Schedule B24.** The information is considered to be highly sensitive to the ongoing operations of the Debtors and as such is considered highly confidential. These customer lists are available upon request to the United States Trustee and the Unsecured Creditors Committee on a confidential basis only.

4. **Schedule B30.** Inventory reserves are booked by the Debtors at the corporate level only. As such, these valuation reserves have been allocated to each location based on total gross inventory (raw materials, WIP and finished goods).

5. **Schedule D.** On June 12, 2013 the Revolver Advances and the Term Loan were fully repaid through the proceeds from the Debtor in Possession financing provided by Salus Capital Partners, LLC in the post-petition period. As such, any amounts associated with the Debtor in Possession financing are not reflected within the Schedules.

6. **Schedule E.** All pre-petition wages were satisfied in the post-petition period in accordance with the First Day Motions and as such are not listed in these schedules. All pre-petition 401k payments (Putnam Investment Management) were satisfied in the post-petition period in accordance with the First Day Motions and as such are not listed in these schedules. Amounts related to AIG represent actual claims known as of petition date. Total additional exposure based on incurred but not yet recorded claims per actuarial estimates is unknown. As of the Petition Date, the prepaid balance with QBE North America for all plan years combined exceeded all known liability claims. The Debtors have traditionally made payments to certain taxing authorities via Avalara Inc. Such amounts have been subsequently paid by the Debtors in the post-petition period in accordance with the First Day Motions.

7. **Schedule F.** The balances identified in Schedule F are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule F. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

8. **Schedule G.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

9. **Statement 3B.** All payments for wages, compensation and expense reimbursements are made via ADP on behalf of the Debtors. Due to confidentiality concerns and because of pre-petition wage payments made pursuant to Bankruptcy Court authority, the list of payments under Statement 3B does not include payments for wages, compensation, or expenses made to non-executive employees, contract employees, or temporary employees in the ordinary course of business. To the extent that such an employee is a creditor, that employee may be entitled to priority treatment in accordance with section 507 of the Bankruptcy Code.

10. **Statement 19D.** Over the prior two years, the Debtors have provided their financial statements to various parties, including secured lenders, unsecured lenders and other interested parties, through online data rooms and other diligence procedures.

11. **Statement 20A.** The Debtors perform a complete physical inventory count (raw materials and finished goods) at each location at the end of each fiscal year. Various cycle counts are also performed periodically throughout the fiscal year.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

In re: NEV Credit Holdings, Inc.

Case No. 13-11484
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such

---

### 1. Income from employment or operation of business

None ☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

---

### 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

---

**3. Payments to creditors**

None ☑ a. Individual or joint debtor(s) with primary consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ b. Debtor whose debts are not primary consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $6,225. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☑ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☑ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑ b. List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OR TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐ If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | PT ACQUISITION CO. | 10/19/2010 - 8/17/2012 |

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor’s spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NAME |
|---|

**17. Environmental Information**

For the purpose of this question, the following definitions apply:
"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENT UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None ☐ a If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR INDIVIDUAL TAXPAYER-ID NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| NE OPCO, INC. | 27-3729596 | 3211 INTERNET BLVD, SUITE 200 FRISCO, TX 75034 | OPERATING COMPANY | 10/2010 - PRESENT |

None ☑ b Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATE SERVICES RENDERED |
|---|---|
| GIL VASSOLY<br>VICE PRESIDENT, FINANCE & TREASURER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | 3/15/2013 - PRESENT |
| PATRICK KEENEN<br>CONTROLLER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | 6/9/2011 - PRESENT |
| TINA HAIR<br>ACCOUNTING MANAGER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | 2/1/2013 - PRESENT |
| JAMIE OLIVER<br>FORMER CHIEF FINANCIAL OFFICER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | 11/15/2012 - 2/28/2013 |
| JAMES MARLOW<br>FORMER CHIEF EXECUTIVE OFFICER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | 6/9/2011 - 11/15/2012 |

None ☐ b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATE SERVICES RENDERED |
|---|---|---|
| PRICEWATERHOUSECOOPE<br>RS LLP | EXTERNAL AUDITOR<br>2001 ROSS AVE<br>DALLAS, TX 75201 | JUNE 2011 - MAY 2013 |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| GIL VASSOLY<br>VICE PRESIDENT, FINANCE<br>& TREASURER | 3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 |
| PATRICK KEENEN<br>CONTROLLER | 3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 |

TINA HAIR
ACCOUNTING MANAGER

3211 INTERNET BLVD, SUITE 200
FRISCO, TX 75034

---

None ☑ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specific cost, market or other basis) |
|---|---|---|

---

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

---

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| NEV PARENT HOLDINGS, INC.<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | DIRECT OWNER OF NEV CREDIT HOLDINGS, INC. | 100% DIRECT OWNERSHIP |
| NEV HOLDINGS, LLC<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | INDIRECT OWNER OF DEBTORS | 100% INDIRECT OWNER |
| GORES CAPITAL PARTNERS, III, L.P.<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | INDIRECT PARTIAL OWNERS OF DEBTORS | 47.5% OWNER OF NEV HOLDINGS, LLC |

| | | |
|---|---|---|
| GORES CAPITAL PARTNERS, II, L.P.<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | INDIRECT PARTIAL OWNER OF DEBTORS | 44.575% OWNER OF NEV HOLDINGS, LLC |
| GORES CO-INVEST PARTNERSHIP II, L.P.<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | INDIRECT PARTIAL OWNERS OF DEBTORS | 5.425% OWNER OF NEV HOLDINGS, LLC |
| GORES CO-INVEST PARTNERSHIP III, L.P.<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | INDIRECT PARTIAL OWNERS OF DEBTORS | 2.5% OWNER OF NEV HOLDINGS, LLC |
| THE GORES GROUP, LLC,<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | PRIVATE EQUITY FUND MANAGERS | CONTROLS THE PRIVATE EQUITY FUNDS THAT INDIRECTLY OWN 100% OF DEBTORS |
| MR. ALEC E. GORES, A U.S. CITIZEN<br>10878 WILSHIRE BLVD, 19TH FLOOR<br>LOS ANGELES, CA 90025 | INDIRECT OWNER OF 99% OF THE GORES GROUP, LLC | 99% INDIRECT OWNER OF THE GORES GROUP, LLC, WHICH CONTROLS THE INDIRECT OWNERS OF THE DEBTORS |
| JAMES PINTO<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | CHAIRMAN & CEO | N/A |
| BRIAN ZOLLINGER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | VP, GENERAL COUNSEL, SECRETARY | N/A |
| GIL VASSOLY<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | VICE PRESIDENT, FINANCE & TREASURER | N/A |
| PATRICK KEENEN<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | CONTROLLER | N/A |
| DOMINICK J. SCHIANO<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | DIRECTOR | N/A |

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| ANDREW FREEDMAN<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | DIRECTOR | 5/9/2013 |
| ANDREW FREEDMAN<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | VICE PRESIDENT AND TREASURER | 5/9/2013 |
| ERIC HATTLER<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | VICE PRESIDENT AND ASSISTANT SECRETARY | 5/9/2013 |
| JAMIE OLIVER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | CHIEF FINANCIAL OFFICER | 3/1/2013 |
| JOE AWAD<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | VICE PRESIDENT AND ASSISTANT SECRETARY | 5/9/2013 |
| JOE AWAD<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | DIRECTOR | 8/24/2012 |
| JORDAN KATZ<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | VICE PRESIDENT | 5/9/2013 |
| JORDAN KATZ<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | DIRECTOR | 5/9/2013 |
| KENNETH WINTERHALTER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | VICE PRESIDENT | 11/8/2012 |
| KENNETH WINTERHALTER<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | DIRECTOR | 11/8/2013 |
| MARK STONE<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | CHIEF EXECUTIVE OFFICER | 5/9/2013 |
| MARK STONE<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | DIRECTOR | 5/9/2013 |
| MIKE NUTTING<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | VICE PRESIDENT | 5/9/2013 |

| | | |
|---|---|---|
| SHELBY MARLOW<br>3211 INTERNET BLVD, SUITE 200<br>FRISCO, TX 75034 | CHIEF FINANCIAL OFFICER | 11/8/2012 |
| STEVE EISNER<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | VICE PRESIDENT AND SECRETARY | 5/9/2013 |
| STEVE YEAGER<br>10877 WILSHIRE BLVD, 18TH FLOOR<br>LOS ANGELES, CA 90024 | DIRECTOR | 5/9/2013 |

### 23. Withdrawals from a partnership or distributions by a corporation

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group

None ☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| NEV PARENT HOLDINGS, INC<br>10877 WILSHIRE BLVD., 18TH FLOOR<br>LOS ANGELES, CA 90024 | 27-3729596 |

### 25. Pension Funds

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ____________ Signature of Debtor ____________

Date ____________ Signature of Joint Debtor (if any) ____________

* * * * * * * * * * * * * * * *

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date August 9, 2013 Signature ____________

Print Name and Title Gil Vassoly Vice President, Finance & Treasurer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*