**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  :    Chapter 11
                                                        :
NE OPCO, INC., et al.,                                  :    Case No. 13-11483 (CSS)
                                                        :
          Debtors.[1]                                   :    Jointly Administered
                                                        :
                                                        :    Re: Docket No. 193
                                                        :
------------------------------------------------------- x

**ORDER AUTHORIZING DEBTORS TO (A) ESTABLISH PROCEDURES
TO SETTLE AND SATISFY CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF
THE BANKRUPTCY CODE, (B) ESTABLISH PROCEDURES FOR EFFECTUATING
SETOFF AGREEMENTS WITH CREDITORS UNDER SECTION 553 OF THE
BANKRUPTCY CODE, AND (C) FILE REPORTS SUMMARIZING ANY
SETTLEMENTS OR SETOFF AGREEMENTS UNDER SEAL PURSUANT TO
SECTIONS 105(a), 107(b) AND 503(b)(9) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 9018 AND 9019(b) AND LOCAL RULE 9018-1**

Upon the motion (the "**Motion**") of the debtors and debtors in possession (collectively, the "**Debtors**") for an order pursuant to Sections 105(a), 107(b) and 503(b)(9) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 9018 and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Debtors to (a) establish procedures to settle and satisfy claims (the "**503(b)(9) Claims**") asserted against the Debtors pursuant to Section 503(b)(9) of Chapter 11 of the Bankruptcy Code; (b) establish procedures for effectuating setoff agreements with prepetition creditors that hold outstanding prepetition payables owed to the Debtors; and (c) file quarterly reports summarizing any settlement of the 503(b)(9) Claims or setoff agreements with creditors under seal; and the Court having

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

RLF1 9239693v.2

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The 503(b)(9) Procedures and Setoff Agreement Procedures are approved in their entirety.

3. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), the Debtors are authorized to compromise and settle certain 503(b)(9) Claims in accordance with the Procedures set forth in the Motion and as follows:

   a. Without further order of the Court or notice to or approval of any other party, the Debtors may enter into a compromise and settlement of any 503(b)(9) Claims for a cash payment of less than or equal to $25,000 per claimant.

   b. For settlements of 503(b)(9) Claims where the proposed cash payment per claimant is greater than $25,000 and less than $500,000, the Debtors shall submit the proposed settlement to (a) counsel for the Creditors' Committee, Pachulski Stang Ziehl & Jones (Attn: Bradford J. Sandler and Robert Feinstein), (b) counsel to the DIP lenders, Choate Hall & Stewart LLP (Attn: Sean Monahan and John Ventola), (c) counsel for Wells Fargo Capital Finance, LLC, Golberg Kohn Ltd. (Attn: Randall Klein and Gary Zussman), (d) counsel for Galactic, Weil, Gotshal & Manges LLP (Attn: Joseph H. Smolinsky), (e) counsel for International Paper, Lowenstein Sandler LLP (Attn: Ken Rosen), (f) the Office of the United States Trustee for the District of Delaware, and (g) counsel

to Plastic Suppliers, Inc. (collectively, the "**Notice Parties**") together with (i) the name of the other party to the settlement; (ii) a summary of the 503(b)(9) Claim, including a statement of the settlement amount; (iii) an explanation of why the settlement of such 503(b)(9) Claim is favorable to the Debtors and their estates and a representation that the Debtors have adequate resources to make the payment; (iv) copies of invoices or other evidence indicating the date of receipt of the goods that are the basis for the 503(b)(9) Claim; and (v) a copy of any proposed settlement agreement (the "**503(b)(9) Claim Settlement Summary**"). The Notice Parties shall be required to submit, in writing (which writing may be delivered electronically), any objections to a proposed settlement reflected in a 503(b)(9) Claim Settlement Summary on or before seven (7) days after service of such 503(b)(9) Claim Settlement Summary to counsel for the Debtors, Richards, Layton & Finger, P.A. (Attn: John H. Knight, Esq., Paul N. Heath, Esq., and Michael J. Merchant, Esq.). In the event that any Notice Party timely objects to the settlement set forth in the 503(b)(9) Claim Settlement Summary, the Debtors may not make the proposed cash payment without first (i) seeking to renegotiate the proposed settlement and submitting a revised 503(b)(9) Claim Settlement Summary to the objecting Notice Party in connection therewith or (ii) filing a motion with the Court seeking approval of the proposed settlement. If no objection is raised by any Notice Party to the proposed settlement, the Debtors shall be deemed, without further order of the Court, to be authorized by the Court to enter into an agreement to settle the 503(b)(9) Claim at issue on terms no less favorable than those provided in the 503(b)(9) Claim Settlement Summary previously submitted to the Notice Parties and to pay the settlement amount from the funds set forth in the 503(b)(9) Account or the GUC Trust, as such terms are defined in the *Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing and Approving the Settlement Among the Debtors, the Official Committee of Unsecured Creditors, the DIP Agent, International Paper Company and Galactic Holdings, LLC* [Docket No. 181].

c. The Debtors will be required to seek separate Court approval, under Bankruptcy Rule 9019, for any compromise or settlement of a 503(b)(9) Claim where the proposed cash payment to any claimant is greater than $500,000 or, regardless of the amount of the proposed cash payment, for any compromise or settlement of a 503(b)(9) Claim asserted by an insider (as such term is defined under section 101(31) of the Bankruptcy Code) or a non-Debtor affiliate of the Debtors.

4. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), the Debtors are authorized to enter into the Setoff Agreements in accordance with the Procedures set forth in the Motion and as follows:

    a. Without further order of the Court or notice to or approval of any other party, the Debtors may enter into a Setoff Agreement up to $100,000 per claimant.

    b. For Setoff Agreements greater than $100,000 and less than $1,000,000, the Debtors shall submit the proposed Setoff Agreement to the Notice Parties. The Notice Parties shall be required to submit in writing (which writing may be delivered electronically) any objections to a proposed Setoff Agreement on or before seven (7) days after service of such Setoff Agreement Summary to counsel for the Debtors, Richards, Layton & Finger, P.A. (Attn: John H. Knight, Esq., Paul N. Heath, Esq., and Michael J. Merchant, Esq.). In the event that any Notice Party timely objects to the Setoff Agreement, the Debtors may not enter into such Setoff Agreement without (i) seeking to renegotiate the proposed Setoff Agreement and submitting a revised Setoff Agreement to the objecting Notice Party in connection therewith or (ii) filing a motion with the Court seeking approval of the proposed Setoff Agreement. If no objection is raised by any Notice Party to the proposed Setoff Agreement, the Debtors shall be deemed, without further order of the Court, to be authorized by the Court to enter into the proposed Setoff Agreement on terms no less favorable than those provided in the Setoff Agreement previously submitted to the Notice Parties.

    c. The Debtors will be required to seek separate Court approval, under Bankruptcy Rule 9019, for any Setoff Agreement greater than $1,000,000.

5. The automatic stay set forth in Section 362 of the Bankruptcy Code is vacated to the extent necessary to effectuate the Setoff Procedures and Setoff Agreements.

6. The Debtors will prepare, on a quarterly basis, after entry of an order granting the relief requested herein, reports ("**Quarterly Reports**") summarizing any such agreements. The Quarterly Reports will set forth: (i) the name of the applicable claimant that has settled its 503(b)(9) Claim or counter-party to the Setoff Agreement, whichever is applicable; (ii)

4

RLF1 9239693v.2

if applicable, the face amount of the asserted 503(b)(9) Claim and the amounts for which such 503(b)(9) Claim has been settled; and (iii) if applicable, a summary of any Setoff Agreement, including disclosure of the prepetition receivables and prepetition payables which are the subject of the Setoff Agreement. Additionally, the Debtors shall categorize the settled claims set forth in the Quarterly Report by whether such claims have been settled pursuant to Paragraph 3(a), 3(b) or 3(c) of this Order, with respect to the settlement of any 503(b)(9) Claim, or Paragraph 4(a), 4(b) or 4(c) of this Order, with respect to any Setoff Agreement. The Debtors shall serve unredacted copies of each Quarterly Report on the U.S. Trustee and the Notice Parties.

7. Pursuant to Section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(c), the Debtors are authorized to file Quarterly Reports under seal without the requirement of filing a separate motion to that effect, so as not to disclose the settlement amount of any 503(b)(9) Claims. The Debtors shall also file a redacted version of the Quarterly Reports on the docket in the Chapter 11 Cases.

8. Notice of settlements in accordance with the terms and procedures set forth in this Order shall be deemed good and sufficient notice of such settlements, and cause exists to waive the requirements of Bankruptcy Rule 2002(a)(3).

9. In connection with the settlement of all or a portion of each 503(b)(9) Claim, the Debtors will condition any payment of such claim upon a claimant's agreement to provide goods to the Debtors postpetition on terms acceptable to the Debtors.

10. This Order shall not obligate or require the Debtors to settle any claim that they do not consider, in their sole discretion and business judgment, appropriate to compromise and settle; nor shall this Order obligate the Debtors to settle any claim in excess of the amounts which the Debtors, in their sole discretion and business judgment, believe to be reasonable and

RLF1 9239693v.2

appropriate; nor shall this Order preclude Debtors from settling any other claims against their estates upon further application to this Court.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: August 23, 2013
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE