IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| NE OPCO, INC., *et al.*,[1] | ) ) ) | Case No. 13-11483 (CSS) Jointly Administered |
| Debtors. | ) ) |  |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

  The Official Committee of Unsecured Creditors of NE Opco, Inc. *et al*. (the "Committee") hereby states that it supports the entry of an Order approving the *Debtors' Motion Pursuant to Sections 105(a), 363(b), (f), and (m), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 6004-1 (I) for Authorization to (A) Sell Substantially All of Their Assets Free and Clear of All Liens, Claim, Encumbrances, and Other Interests and (B) Assume and Assign Contracts and Leases and (II) for Approval of Procedures for Determining Cure Amounts* [Docket No. 249] (the "Sale Motion").

  The Committee believes that the consummation of the transactions contemplated in the Sale Motion is critical to preserve value for the Debtors, their estates (the "Estates") and their creditors, including, but not limited to, employees, vendors and landlords.

  In a liquidation scenario, it appears that general unsecured creditors would have, at best, an uncertain *de minimis* financial recovery due to the value of the secured claims substantially exceeding the value of the Debtors' assets. In such a liquidation, hundreds of jobs would be lost, numerous vendors would lose a customer and landlords would lose a tenant. The Committee, in consultation with its counsel and financial advisors, decided that the best way to preserve value was to support a going concern sale that would preserve hundreds of jobs, provide an on-going customer relationship to vendors and a tenant to landlords. .

  After many weeks of arms' length negotiations, the Committee, working with the Debtors and the Debtors' secured lenders, was able to negotiate certain critical terms that it believes will not only provide for a going concern, but will also pave the way for a distribution to certain unsecured creditors (i.e., those creditors holding allowed 503(b)(9) claims), if not all general unsecured creditors, and importantly, will also provide that non-insider general unsecured creditor are not sued for a preference.

  The Committee believes that the entry of an Order approving the Motion provides the best possible recoveries to general unsecured creditors under the circumstances, and that any

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are NE Opco, Inc. (9830) and NEV Credit Holdings, Inc. (9596). The above-captioned Debtors' mailing address is c/o NE Opco, Inc., 3211 Internet Boulevard, Suite 200, Frisco, Texas 75034.

alternative would result in unnecessary delay, uncertainty, and expense to the Estates as well as a materially diminished or zero recovery for general unsecured creditors.  The recovery that is expected to be possible under the Motion is the result of efforts by the Committee to negotiate materially better terms for general unsecured creditors and to facilitate a going concern operation for them, including, but not limited to, vendors, landlords and employees.  In addition, the Committee supports the choice of Cenveo, Inc. as the purchaser because it believes that Cenveo's ongoing stewardship of these assets will provide a strong foundation for a successful business in the future.

Dated:  August 27, 2013                                  PACHULSKI STANG ZIEHL & JONES LLP

                                               */s/ Bradford J. Sandler*
Bradford J. Sandler (Bar No. 4142)
Robert J. Feinstein (NY Bar No. RF-2836)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: bsandler@pszjlaw.com
             rfeinstein@pszjlaw.com

Counsel to the Official Committee of Unsecured Creditors